## WALDRON *v.* WALDRON.

Under the pleadings and evidence in the case the court did not err in holding that the respondent was not in contempt and in refusing the relief prayed by the petitioner against the respondent.

OCTOBER 16, 1912.

Rule for contempt. Before Judge Ellis. Fulton superior court. January 15, 1912.

Mrs. Lucy K. Waldron filed a petition to the superior court, against Ethelbert Waldron, alleging, that a decree of divorce had been previously granted by that court between petitioner and defendant, and an order and judgment passed requiring the defendant to pay to the legal guardian of their minor son, Edmund Waldron, for his maintenance and support, the sum of $25 per month until he reached the age of eighteen years; that the defendant had failed and refused to pay the money as decreed, and the amount due to be paid by him at the time of filing this petition was $425, and that petitioner had been duly appointed guardian of said son, and had qualified as such, in accordance with the laws of this State. She prayed that the defendant be adjudged in contempt of the court for not complying with the terms of the decree; and for general relief.

The respondent answered, denying the allegation that he had failed and refused to pay the money as decreed; and by way of cross-petition he set up: that the order and judgment passed by the superior court at the time of the granting of a total divorce awarded the custody and control of the minor son to respondent; that he was the natural guardian of the minor, and the letters of guardianship issued to petitioner were procured by her subsequently to the order of the court awarding the custody of the boy

to respondent, and in order to oppose his possession of him; that during the time he had actual custody and control of the minor since said decree, he had expended more than $25 per month for his maintenance and education, but petitioner (in various ways and on numerous occasions detailed) interfered with respondent's custody and control, in violation of the decree and orders of the court; that on more than one occasion she took him from school where respondent had placed and was supporting him, kept him out of school for many months, and carried him beyond the limits of this State, contrary to the consent of respondent and without his knowledge as to their whereabouts, all in utter violation of the orders of the court; and that he stood ready and willing at all times to pay $25 per month and more for the education and maintenance of the boy. He prayed, that the relief sought by petitioner against him be denied; that petitioner herself be adjudged in contempt of the court; and that she be required to return the boy into the possession of respondent. The record shows that the decree of total divorce was rendered on September 15, 1910, and on the following day the order of the court was passed awarding the custody of the minor son to respondent, and requiring him to pay to the legal guardian of the boy the sum of $25 per month for his maintenance and support. The letters of guardianship were issued to petitioner on December 23, 1911, and her application for a rule against the defendant was filed on January 3, 1912.

Upon the hearing the petitioner moved to strike the paragraphs of the answer that were in the nature of a cross-petition. The court overruled this motion, and, after hearing evidence, passed an order denying the prayers of the petition. The plaintiff excepted.

*Rollin H. Kimball,* for plaintiff.

*Mayson & Johnson* and *George B. Rush,* for defendant.

BECK, J. (After stating the facts.) We are of the opinion that the court below was authorized, under the pleadings and evidence in this case, in refusing the order sought against the respondent and in refusing to punish him as for contempt of court. While in the final decree and judgment in the divorce proceedings instituted by Ethelbert Waldron against the petitioner it was adjudged that Ethelbert Waldron should pay the sum of $25 per month to the legal guardian of Edmund Waldron, no legal guardian was appointed to whom these payments could be paid until the 23d of

December, 1911, more than twelve months after the decree referred to was passed. The custody of the child was awarded to the father, and the latter was the natural guardian of the former; and the court was authorized under the evidence to find that the father as the custodian of the child had provided for the maintenance and education of the child, and to this end had expended and paid out even a larger sum than that which it had been decreed should be paid by him to the child's legal guardian. It will be remembered that the amount which it was decreed that the father should pay to the child's legal guardian was in the nature of alimony; and if, the father, the custodian of the child and being his natural guardian, in good faith expended the sums which should have been paid over to a guardian had one been duly appointed, the court, in the summary proceedings, could very properly hold that the father was not in contempt and should not be punished as one contumaciously disregarding a decree of the court.

The portions of the answer of the respondent which were in the nature of a cross-petition, while certain averments therein contained might be open to attack by special demurrer, should not have been stricken upon the oral motion to strike in the nature of a general demurrer, as they contained matters proper to be considered by the court in passing upon the question as to whether or not the respondent was in contempt of court.

*Judgment affirmed. All the Justices concur.*