## CHRISTIAN *v.* CHRISTIAN.

BECK, P. J. Mrs. Bunnie Christian filed her petition against her husband, George R. Christian, showing that in an action for divorce a final verdict and decree had been rendered, and in the decree it was adjudged that she should have a certain amount payable monthly as alimony. No

provision was made in the decree for alimony for the support of the two minor children. There was a default in the payment of alimony; and the wife prayed that the husband be required to pay the alimony or be punished for contempt of court. The petition with a demurrer and answer were heard by the judge at chambers in vacation; and thereupon the rule against the defendant was made absolute, and it was ordered and adjudged that upon failure of the respondent to comply with the decree of the court as to the payment of alimony, rendered at the previous term of the court, he be committed to the common jail of the county and there kept in custody until he should comply with the decree of the court. The respondent excepted to this ruling, on the ground that the court erred " in assuming jurisdiction to hear and determine said case in vacation, there being no proceedings pending before the court which gave him jurisdiction to try and determine said case;" and on the further ground that the property situated in Macon County that was owned by the defendant at the time the decree was rendered was subject to levy and sale, and it appeared from the evidence that the judgment allowing alimony and attorney's fees was a superior lien upon the land and took priority over a certain deed introduced in evidence. It was also insisted that the decree allowing alimony to the wife, in which no provision was made for the support of the children, was void. *Held*:

1. The decree allowing the wife $40 per month as alimony and certain stated attorney's fees was not void merely because no provision was made therein for the support of the children.

2. Whether the decree for alimony was a lien upon certain real property of the defendant or not, the wife in whose favor the decree for alimony was rendered could enforce the payment of the same by proceedings against the husband for contempt of court in failing to comply with the decree; and the court had jurisdiction to hear and dispose of such proceedings in vacation. *Wilkins* v. *Wilkins*, 146 *Ga.* 382 (91 S. E. 415), and cases cited; *Van Dyke* v. *Van Dyke*, 125 *Ga.* 491 (54 S. E. 537); *Briesnick* v. *Briesnick*, 100 *Ga.* 57 (28 S. E. 154).

*Judgment affirmed. All the Justices concur.*

No. 2804. April 14, 1922.

Attachment for contempt. Before Judge Littlejohn. Macon superior court. August 1, 1921.

*J. J. Bull & Son,* for plaintiff in error.

*R. L. Greer* and *John M. Greer,* contra.