## BALES *v.* BALES.

1. The power to enforce a decree for permanent alimony by attachment for contempt for failing to comply therewith belongs inherently to a court having jurisdiction of divorce suits.

2. Where in a final decree in a divorce and alimony case a lump sum is allowed for alimony and the support of the minor children, and subsequently a petition is brought by the plaintiff to enforce the payment by proceedings against the respondent for contempt, and the court upon hearing the case orders that the defendant pay alimony in monthly instalments, which are small in comparison with the amount originally allowed, this affords the respondent no ground for complaint.

3. The demand of the plaintiff was not barred by the statute of limitations. Whether a demand of the character sought to be enforced here is ever barred by the lapse of time is not decided.

4. There was some evidence to authorize the allowance of the amounts awarded by the judge and ordered to be paid monthly.

No. 3621. OCTOBER 13, 1923.

Equitable petition. Before Judge W. E. Thomas. Thomas superior court. December 6, 1922.

Mrs. Florrie May Bales brought a petition against her former husband, Henry Bales, from whom she had been divorced by a decree rendered April 19, 1915, in which she was awarded the sum of $1800 as for permanent alimony and for the support of the children, who were still minors at the time of the filing of the petition. It is averred and admitted that no part of the $1800 has been paid by the respondent. While the plaintiff alleges that the respondent is insolvent, she also alleges that he possesses certain property consisting of realty and personalty; that during the period of seven years and some months between the decree of divorce and the filing of the petition he was absent from the State of Georgia for five years, and is now threatening again to leave the State. She prayed for an order requiring him to pay the amount allowed as alimony and support of the children, and, in default of payment, that he be punished as for contempt of court. The de-

fendant in his answer denied his ability to pay any amount of alimony, and denied that he had any property; alleging that while certain property specified in the petition stood on the tax books in his name, he was not the owner thereof; and he submitted evidence to show that he was physically seriously afflicted.

After considering the pleadings and the evidence submitted, the judge passed an order that the respondent pay over to the sheriff $30 each for his former wife and his two daughters, which amount was to cover immediate demands; and that thereafter, until further order, the defendant pay $15 per month for the plaintiff for her own use and $15 each monthly for his two daughters, these amounts to be paid on the first of each month. The court further adjudged that the defendant, inasmuch as he had never paid any part of the alimony assessed, and had absented himself from the State for a long time and might do so again, should give bond to abide the judgment of the court in the premises; and the sheriff was required to take the respondent into custody and so keep him unless he should give a bond payable to the plaintiff, conditioned to remain in the jurisdiction of the court and subject to its order. The defendant excepted to the judgment as contrary to law and evidence; and specifically assigned error, because: (*a*) The evidence demanded a finding in favor of the defendant. (*b*) The judge had no authority to change, abrogate, or modify the terms of the final decree awarding alimony in the original suit, the same having passed beyond the discretionary control of the court. (*c*) The judge had no right or authority to divide or split the final decree for the payment of permanent alimony into small amounts payable monthly. (*d*) The judge could not compel the plaintiff in error to pay the defendant in error individually fifteen dollars a month, and thirty dollars for immediate needs, as alimony, she being divorced from the plaintiff in error and not entitled to temporary allowance. (*e*) The evidence showed that the original judgment was dormant, and barred under the laws of this State. (*f*) The evidence failed to show that the defendant was possessed of any property to pay the judgment. (*g*) The evidence failed to show that the defendant was leaving, or attempting to leave the State. (*h*) The equity of plaintiff's petition was sworn off by the answer.

*Titus & Dekle,* for plaintiff in error. *W. A. James,* contra.

BECK, P. J.   (After stating the foregoing facts.)

1.   The fact that an execution might have been issued to enforce the payment of the sum allowed as alimony did not bar the plaintiff of her right to have the decree for alimony enforced' by attachment for contempt, under the facts and circumstances set forth in the petition.   " The power to enforce a decree for permanent alimony by attachment for contempt for failing to comply therewith belongs inherently to a court having jurisdiction of divorce suits."   *Van Dyke* v. *Van Dyke,* 125 *Ga.* 491 (54 S. E. 537).   " When a wife has obtained final decree for alimony and the husband fails to comply therewith, and it is sufficiently shown to the court that this failure does not arise from lack of ability on part of the husband to comply, it is not error for the court to compel compliance, by an order of attachment directing his imprisonment in the event of his continued disregard of the decree."   *Lewis* v. *Lewis,* 80 *Ga.* 706 (6 S. E. 918; 12 Am. St. R. 281).

2.   The defendant can not complain that the judge split the judgment of the plaintiff into small amounts.   But inasmuch as the judgment of the court directs that monthly payments shall continue until the further order of the court, when in no event could the defendant have been compelled to pay more than the amount of the original judgment, direction is given that the judgment be so amended as to provide that it shall not be enforced for an amount in the aggregate greater than the amount allowed in the decree in the divorce case, together with interest thereon.

3.   There is no merit in the contention that the plaintiff's demand is barred by the lapse of time.   It was a little over seven years from the date of the decree until the date of the filing of the petition in the present case.   The court was authorized to find that for more than half of that time the defendant had been absent from the State.   The applicant in this case was not compelled to have an execution issued; she could rely upon attachment for contempt.   Whether under any circumstances, as this was an attachment for contempt, her demand would have been barred, we do not decide; but we do hold that it was not barred in the short time during which, after the rendition of the decree for divorce and for alimony, the defendant was in this State.

4.   We can not say as a matter of law that the court erred in requiring the defendant to pay the amounts specified in the judg-

ment, on the ground that the evidence touching the subject of the amount of property owned by the respondent and his earning capacity did not authorize it.

*Judgment affirmed.   All the Justices concur.*