## CUNNINGHAM v. FAULKNER.

1. The exceptions to the judgment overruling the demurrers and to the final order in the case were sufficiently definite, and the motion to dismiss the writ of error upon the ground of insufficiency of the assignments of error must be overruled.

2. The court properly overruled the general demurrer based upon the ground that the petition set forth no cause of action against the defendant.

Appeal and Error, 3 C. J. p. 940, n. 20.

Divorce, 19 C. J. p. 280, n. 57; p. 292, n. 58; p. 293, n. 61; p. 358, n. 47

3. The verdict and decree in the divorce case, upon which the present proceedings are based, were not void on the ground that the verdict allowing a stated sum as alimony for the support of the wife and child did not specify what amount the minor child should be entitled to for its support, nor in what manner, how often, nor to whom it should be paid. .

4. The allowance in the final verdict and decree in the divorce case being for a stated sum payable monthly for the use of the wife and minor child, and being payable until the child should arrive at the age of eighteen years, "at which time payment of alimony is to cease and be discontinued," the husband is not relieved of the monthly payments until the child has reached the age specified. Whether or not an allowance, in a decree for divorce and alimony, made purely for the use of the wife and payable in monthly installments, would cease upon her remarriage, is not decided.

5. The verdict and decree for alimony in the proceedings for divorce and alimony were not void, and the court below did not err in so holding and granting the rule accordingly.

No. 5512.    October 13, 1926.

Attachment for contempt.    Before Judge Mathews.    Bibb superior court.    May 22, 1926.

*Hunter & Daly,* for plaintiff in error.

*W. A. McClellan* and *Thomas A. Jacobs Jr.,* contra.

Beck, P. J.    In 1923 a suit for divorce and alimony was filed by Mrs. Marguerite Cunningham against her husband, S. O. Cunningham, which came on finally to be heard November 20, 1924, when the jury trying the case rendered a .verdict finding a total divorce between the parties and removing their disabilities; and further, that "the defendant shall pay the plaintiff, Mrs. Marguerite Cunningham, for the use of herself and minor child, the issue of said marriage, the sum of $25.00 monthly, payable on the fifth day of each month, beginning on the fifth day of December, 1924, and payable on the fifth day of each month thereafter, until the minor child of the parties, Elizabeth Jones Cunningham, now of the age of three years, arrives at the age of eighteen years, at which time payment of alimony is to cease and be discontinued. The said sum of $25.00 monthly to be paid as aforesaid until the said child arrives at eighteen years of age; this sum being awarded to plaintiff as permanent alimony." It appears from the evidence in this case, which was a rule brought by the divorced wife against Cunningham, that so much of the decree as allowed alimony was by agreement of the parties, the former wife testifying that "the verdict and judgment was by

agreement, the monthly allowance to be $25.00 for the support of the child, nothing for me." The defendant, as to this, testified: "I agreed to pay as alimony to my wife, and for the support of my child $25.00 per month until my wife should remarry." The wife further testified that the husband was not present when the agreement was made. The monthly installments of alimony were paid regularly until April 5, 1926. After that the defendant in the divorce case, the respondent in this case, refused to make further payments, and rule was brought against him when two of the payments became due and were not met. The defendant answered, and contended that he should not be required to pay any further sum, for the reason that since the decree awarding permanent alimony the plaintiff, his former wife, has remarried; and further contended that the decree was void, because it did not set out and specify what proportion of the amount allowed should be for the support of the wife and what proportion should be for the support of the child. These points were raised by demurrer and answer. To the judgment overruling the defendant's demurrers exceptions pendente lite were duly certified and filed, and in the exceptions pendente lite it is recited that the court overruled said general and special demurrers on each and every ground thereof, and then the plaintiff excepts to that ruling in the following language: "to which ruling the respondent to said rule excepted and hereby excepts and assigns the same as error."

1. This exception was sufficiently definite and specific. And where in a bill of exceptions sued out to this court, after reciting the certification and filing of exceptions pendente lite to the overruling of the demurrers, the plaintiff in error adds, "and now excepts to same and assigns as error the overruling of his demurrers, special and general, to said petition and rule," this sufficiently assigns error upon the pendente lite bill of exceptions and the question there made; and the motion to dismiss the writ of error, upon the ground that the bill of exceptions contains no sufficient assignment of error to present clearly and distinctly to this court any question for decision, must be overruled.

To the final judgment and order of the court sustaining the judgment and decree for alimony, upon which the petition for the rule was predicated, and deciding that the defendant would

be in contempt if the sum specified was not paid by a stated date, the plaintiff in error excepts in the following language: "To said order and judgment plaintiff in error in this bill of exceptions then and there excepted and now excepts and assigns the same as error." In view of the character of the issue presented, this exception was sufficiently definite and specific; and consequently the motion to dismiss the bill of exceptions here upon the ground that the assignments of error contained therein were insufficient should be overruled.

2. The court properly overruled the general demurrer based upon the ground that the petition set forth no cause of action against the defendant.

3. The verdict and decree rendered in the divorce case are not void for the reasons alleged; the contention that they are void being based upon the provision in the statute embraced in section 2981 of the Civil Code, that "If the jury, on the second or final verdict, find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor children shall be entitled to for their permanent support; and in what manner, how often, to whom, and until when it shall be paid." We conclude from the evidence that this was a consent verdict, the evidence to that effect not having been denied. We assume that the verdict was agreed to by counsel for the defendant, though the latter was not present at the trial. He acquiesced in the verdict and decree for a period of about two years, making monthly payments as they fell due. The fact that the verdict did not specify what amount the minor child should be entitled to for her support, and in what manner it should be paid, did not render the verdict void. This was in effect ruled in the case of *Christian* v. *Christian,* 153 *Ga.* 272 (111 S. E. 809), where it was said: "The decree allowing the wife $40 per month as alimony and certain stated attorney's fees was not void merely because no provision was made therein for the support of the children."

4. Whether or not, where alimony is allowed to the wife in the final verdict and decree by the jury trying a divorce case, and the same is payable in installments to the wife alone, the remarriage of the wife relieves the husband from making further payments of the monthly installments, nevertheless, where the allowance in

the final verdict and decree is for a certain sum payable monthly for the use of the wife and her minor child, and is payable monthly until the minor child arrives at the age of eighteen years, "at which time payment of alimony is to cease and be discontinued," the husband against whom this verdict and decree is rendered is not relieved of the monthly payments until the minor child named has reached the age specified. The provision of the verdict and decree just quoted shows·that it was intended primarily to make provision for the minor child.

5.   Under the pleadings and evidence the court did not err in holding that the verdict and decree for alimony were not void, that the judgment for alimony is a valid, subsisting judgment, and that the monthly payment called for by the judgment is obligatory upon the defendant, and that in default of the payment in accordance with the terms of the judgment and the order of the court the defendant be adjudged in contempt.

*Judgment affirmed. All the Justices concur, except Atkinson and Hines, JJ., who dissent.*