## FISCHER *v.* FISCHER.

1. The evidence in the case was sufficient to authorize the holding and finding of the court upon the questions of fact involved.

2. The judgment allowing alimony is not void because the same does not limit the time during which payments shall be made; nor on the ground that it is uncertain and indefinite in that it does not specify what amount the minor child is entitled to for his support.

3. Although the proceedings in this case were instituted thirteen years after the judgment and decree for alimony sought to be enforced, the demand of the plaintiff was not barred by the statute of limitations, nor on the ground of the dormancy of such judgment.

4. The assignment of error raising the contention that the court should have dismissed the proceedings when it was made to appear that subsequently to the suing out of the rule the plaintiff had caused an execution to issue is without merit. *Bales* v. *Bales,* 156 *Ga.* 679 (119 S. E. 635); *Christian* v. *Christian,* 153 *Ga.* 272 (111 S. E. 809).

5. The court did not err in refusing to allow voluntary payments made to the son of himself and the divorced wife as credits upon the judgment for alimony.

6. The court was authorized under the evidence to find against the contention of the respondent that "a contract had been made settling the matter in full" between the parties. This was a contract or agreement made with a third party, and it is claimed that the third party had supported the wife up to the time of his death and made provision in his will for her and her son. This third party referred to was a near

Contempt, 13 C. J. p. 77, n. 93.

Divorce, 19 C. J. p. 264, n. 50; p. 292, n. 37; p. 298, n. 56; p. 301, n. 99 New; p. 302, n. 22; p. 303, n. 23; p. 304, n. 40; p. 357, n. 38 New.

kinsman of the divorced wife of the respondent, and did contribute to her support during his life, and made certain bequests to her in his will; but the wife testified that she had never heard of any such agreement as is now set up by the respondent, and she "never accepted any property from her uncle on such an agreement, and that no such agreement was ever made."

No. 5617. APRIL 14, 1927.

Contempt. Before Judge Roop. Coweta superior court. July 15, 1926.

Mattie D. Fischer instituted contempt proceedings against Carl H. Fischer, in which she prayed that he be adjudged in contempt of court on his failure to pay a certain judgment in favor of herself, rendered in Coweta superior court at the March term, 1912, of said court; and also that the State's writ of ne exeat issue, requiring of the defendant bond conditioned as required by law. The suit was filed on December 18, 1925, together with the rule nisi issued by the judge of the superior court, in which he required the defendant to show cause on the second day of January, 1926, why he should not be adjudged in contempt for refusal to pay alimony, and at the same time passed an order requiring the defendant to give bond in the sum of $500, conditioned that he be personally present to abide the final order entered in the case, in default of which that he be imprisoned. To the suit thus brought the defendant filed his answer setting up sundry defenses as a reason why he should not be adjudged in contempt. The petitioner and the respondent both offered evidence, after hearing which the court passed the following order: "Ordered further, that the said Carl H. Fischer pay plaintiff, Mattie D. Fischer, the sum of $175.00 per month, beginning on July 20, 1926, until all past-due instalments as provided in said decree, falling due within seven years prior to the filing of contempt proceedings on the 5th day of August, 1924, together with interest accrued thereon at 7 per cent. per annum, are fully paid. These payments to be made in addition to the monthly payments as they fall due. Should the respondent Carl H. Fischer fail or refuse to pay as herein provided, it is the order of the court that the sheriff of Coweta County arrest the said Carl H. Fischer and incarcerate him in the common jail of Coweta County, without bail or mainprize, until such payments are made."

To this judgment the respondent excepts, and he insists that it was error for the court to hold that the judgment for alimony

is not void on account of being uncertain and indefinite, in that the judgment sought to be enforced does not specify what amount the minor child is entitled to for its permanent support, and does not specify to what period such permanent alimony shall be paid; that the court erred in holding that the judgment had not been settled; that the judgment is erroneous because the judgment sought to be enforced was barred by the statute of limitations, the judgment having been rendered in March, 1912, and no action or motion made to enforce it until August 5, 1924; that the court erred in not allowing the respondent the benefit of the money which he paid to his son prior and subsequently to the commencement of these proceedings; that the court erred in not dismissing the proceedings when it was made to appear that subsequently to the suing out of this rule the plaintiff had caused an execution to issue and had directed that the same be levied upon the property of the defendant, and had also caused garnishment proceedings to issue, seeking to enforce the judgment at common law after having asked the court of equity to aid her, the insistence being that the complainant could not pursue both remedies. It is further insisted that the court erred in his finding to the effect that the respondent was able to pay the alimony in the sums and manner directed; that this finding is contrary to the facts and without evidence to support it; that the court erred in not dismissing the ne exeat proceedings, there being no evidence to support the charge that the defendant is about to leave the State or is threatening to do so.

*S. Holderness* and *Watkins, Asbill & Watkins,* for plaintiff in error.

*Post & Arnold, G. M. Wilson,* and *Pearce Matthews,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The evidence in the case was sufficient to authorize the holding and finding of the court upon the questions of fact involved, and there is no merit in the contention that such findings are contrary to evidence and without evidence to support them.

2. The court did not err in holding that the judgment for alimony is not void on the ground that it is uncertain and indefinite in that the judgment sought to be enforced does not specify what amount the minor child is entitled to for his permanent support. This question is ruled in the case of *Cunningham* v.

*Faulkner,* 163 *Ga.* 19 (135 S. E. 403), where it was held: "The verdict and decree in the divorce case, upon which the present proceedings are based, were not void on the ground that the verdict allowing a stated sum as alimony for the support of the wife and child did not specify what amount the minor should be entitled to for its support, nor in what manner, how often, nor to whom it should be paid." While the judgment in this case which plaintiff in error insists is void does not specify for what period such alimony shall be paid, we think the meaning is that it shall be paid for as long a period as the law allows. The jury had the right to limit the time during which payments should be made, but they are not required to fix this limit for a less period than the life or widowhood of the wife; and consequently we hold that the alimony is to be paid so long as the wife lives, or until she remarries, unless there be such change of circumstances as, under the principles of law and equity, would authorize the husband to be relieved and the judgment be modified. "A decree for permanent alimony, without specifying the period during which it is to be paid, is valid and sufficiently certain, and will be construed as intending the payment of alimony to continue during the life of the divorced wife, or until modified by the court." Hart *v.* Hart, 94 Cal. 254 (29 Pac. 774).

3. We do not think that the decree in this case awarding as alimony for the benefit of Mrs. Fischer and her minor child a sum payable in instalments is such a decree for money as is contemplated in section 5434 of the Civil Code, providing for the dormancy of decrees. We find decisions in outside jurisdictions holding that a judgment for alimony does not become dormant by failure to issue execution within the statutory period, as it is a continuing subsisting claim against the husband, which rests both on the adjudication of the court and also the obligations of the common-law liability of the husband to support his wife. This principle has been held by the courts of the State of Ohio and seems to be well recognized there, the Supreme Court of Ohio saying: "A decree for alimony in instalments is not a judgment within the meaning of section 5380, Revised Statutes, which provides that a judgment on which execution has not issued for five years shall become dormant, nor is it a judgment within the meaning of section 5367, Revised Statutes, which provides for the

revivor of a dormant judgment, or a finding for money in any equitable proceeding." Lemert v. Lemert, 72 Ohio St. 364 (74 N. E. 194, 106 Am. St. R. 621, 2 Ann. Cas. 914). See also *Raines* v. *Raines,* 138 *Ga.* 790 (76 S. E. 51). In the case of *Bales* v. *Bales,* 156 *Ga.* 679 (119 S. E. 635), it was said, dealing with a similar question to that we have here, "The demand of the plaintiff was not barred by the statute of limitations. Whether a demand of the character sought to be enforced here is ever barred by the lapse of time is not decided." See also Tolman v. Leonard, 6 App. D. C. 224.

4-6. The rulings made in headnotes 4, 5, and 6 require no elaboration.

*Judgment affirmed. All the Justices concur, except*

ATKINSON and HINES, JJ., who dissent from the ruling in the second division of the opinion, and consequently dissent from the judgment of affirmance.