## WERBER v. WERBER.

BECK, P. J.  By a final verdict in the case of A. C. Werber v. Mary Lee Werber a total divorce was granted between the parties. A decree was rendered whereby A. C. Werber was ordered to pay to Mary Lee Werber $25 per month as alimony. He paid $25 under this decree on April 1, 1913, and made no further payment. In a short time after making this payment he married again and removed from the State of Georgia, as the court was authorized to find from the testimony. Mary Lee Werber likewise remarried about nineteen months after the verdict and decree. On September 15, 1913, before her remarriage, she filed a petition showing the facts above recited, and prayed that A. C. Werber be brought before the court for contempt of its decree. On September 18, 1913, an order was passed, requiring the sheriff or deputy sheriff to bring him before the judge, to be tried as for a contempt of court. This order seems not to have been executed, but on November 2, 1926, it was reaffirmed; and the respondent was arrested and brought before one of the judges of the Atlanta circuit on January 12, 1927. At the hearing evidence was submitted which authorized the court to find that, except for certain visits and holidays, the defendant had been continuously absent from the State of Georgia from March or April, 1913, until sometime in the year 1926. The defendant himself testified that he did not leave the State to avoid paying alimony, but because he had a better business opportunity elsewhere; and that he had returned to Atlanta on various occasions for vacations and holidays. The court adjudged the respondent in contempt of court, and permitted him to purge himself of contempt by paying the sum of $450 in monthly installments, this being the amount due for the unpaid installments of alimony up to the time of the remarriage of the petitioner. The respondent excepted. Held:

1. The court did not err in rendering the judgment excepted to upon the ground that "the court should have held that the judgment and decree for alimony in the case was barred by the statute of limitations and the respondent was not in contempt of court." See the case of Bales v. Bales, 156 Ga. 679 (119 S. E. 635), and cit.

2. The evidence authorized the finding of the court upon the issues of fact.

Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.

Nos. 5882, 5883. OCTOBER 13, 1927.

Attachment for contempt.    Before Judge Pomeroy. Fulton superior court.  January 12, 1927.

---

Limitations of Actions, 37 C. J. p. 1004, n. 86.

*Ernest C. & Irene L. Bell,* for plaintiff in error.
*Colquitt & Conyers* and *Jerome Jones Jr.,* contra.