### MORROW et al., administrators, v. WAINWRIGHT.

BECK, P. J. On August 8, 1932, the clerk of the superior court of Troup County issued an execution based on a verdict and decree for alimony in favor of Mrs. Tiny Wainwright against Robert Wainwright for the sum of $360, which was for the installments due and payable for the eighteen months immediately preceding the issuance of the execution. The verdict and decree for alimony upon which the execution was based were rendered at the February term, 1914, of said court, and had not been excepted to, nor, so far as appears from this record, had there been any proceeding to change or modify the same. The execution was levied, August 10, 1932, on a part of the property described in the decree for alimony. An affidavit of illegality was filed by the administrators of the estate of Robert Wainwright, and was subsequently amended. A demurrer was sustained and the affidavit of illegality was dismissed. *Held:*

1. The controlling question raised by the affidavit of illegality was as to whether the decree for alimony was dormant, and whether the execution could be issued upon such a decree or judgment. Under the ruling in *Fischer* v. *Fischer*, 164 *Ga.* 81 (137 S. E. 821), the plaintiff was not barred by the statute of limitations, or on the ground of the dormancy of the judgment or decree, although no execution was issued on said decree until more than seven years had elapsed after the date of its rendition.

2. Upon review this court declines to overrule the decision in *Fischer* v. *Fischer*, supra. *Judgment affirmed. All the Justices concur.*

No. 9405. MAY 12, 1933.

*Duke Davis* and *H. C. Harrison,* for plaintiffs in error.
*E. T. Moon,* contra.