FAUVER *v.* HEMPERLY; *et vice versa.*

BELL, J. 1. The statute. of limitations does not apply to a judgment for temporary alimony. *Fischer* v. *Fischer,* 164 *Ga.* 81 (3) (137 S. E. 821) ; *Morrow* v. *Wainwright,* 177 *Ga.* 100 (169 S. E. 310). Aliter, as to permanent alimony. *Landis* v. *Sanner,* 146 *Ga.* 606 (91 S. E. 688) ; *Heakes* v. *Heakes,* 157 *Ga.* 863 (122 S. E. 777) ; Civil Code (1910), § 5434.

2. The wife, by removing to Alabama and obtaining a total divorce in that State, necessarily abandoned the suit for divorce which she had filed in the State of Georgia.. After the abandonment of this suit, she was no longer entitled to enforce the judgment for temporary alimony previously rendered therein, except as to installments then due and unpaid. *Stoner* v. *Stoner,* 134 *Ga.* 368 (4) (67 S. E. 1030) ; *Phillips* v. *Phillips,* 146 *Ga.* 61 (90 S. E. 379) ; *Osborne* v. *Osborne,* 146 *Ga.* 344 (91 S. E. 61) ; *Brightwell* v. *Brightwell,* 161 *Ga.* 89 (2) (129 S. E. 658) ; *Pace* v. *Berquist,* 173 *Ga.* 112 (159 S. E. 678) ; *Johnson* v. *Johnson,* 131 *Ga.* 606 (3) (62 S. E. 1044) ; *Joyner* v. *Joyner,* 131 *Ga.* 217 (3) (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220).

3. The ruling just stated is not altered by the fact that the award was in favor of the wife for the support of herself and the minor children. On this question the case differs from *Akin* v. *Akin,* 163 *Ga.* 18 (4) (135 S. E. 402), where the judgment was for *permanent* alimony, the distinction being that temporary alimony, whether for the wife or the children, can be claimed only in connection with a valid suit for divorce or for permaneṅt alimony. *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593) ; *Watson* v. *Watson,* 168 *Ga.* 573 (148 S. E. 386) ; *Pace* v. *Berquist,* supra.

4. As to the installments of alimony which became due before the abandonment of the Georgia suit, the right to enforce the judgment subsisted and execution properly issued therefor. *Jones* v. *Jones,* 145 *Ga.* 714 (2) (89 S. E. 161) ; *Coulter* v. *Lumpkin,* 94 *Ga.* 225 (21 S. E. 461). *Gibson* v. *Patterson,* 75 *Ga.* 549 (2) ; Sheppard *v.* Sheppard, 99 App. Div. 308 (90 N. Y. S. 982). However, there are some authorities contrary to this ruling. See cases cited in 19 C. J. 221, § 530.

5. While the execution was authorized as to the installments which became

due and were unpaid at the abandonment of the suit filed in this State, it should not have included the installments which thereafter became due; but since the correct amount was definitely ascertainable, the execution was not void, and could have been amended by striking the excess. It was also a mere irregularity that execution was issued in favor of the former wife as next friend for the minor children. *Raines* v. *Raines*, 138 *Ga.* 790 (2) (76 S. E. 51); *Stephens* v. *Stephens*, 171 *Ga.* 590, 592 (156 S. E. 188).

6. The petition to avoid the judgment and execution for alimony did not allege sufficient facts to show a contract relieving the husband of this liability.

7. Under the foregoing rulings, the judge erred in cancelling the fi. fa. in its entirety.

8. After the divorce the wife occupied the position of a third person with respect to expenditures for the support of the children, and could recover therefor only as a stranger might do. *Garrett* v. *Garrett*, 172 *Ga.* 812 (159 S. E. 255), and cit. The cross-action filed by the former wife to recover on this account was not germane to the suit of the former husband to cancel the judgment and execution for temporary alimony. The cross-action therefore was not maintainable, and should have been dismissed on general demurrer. *Usry* v. *Hines-Yelton Lumber Co.*, 176 *Ga.* 660 (2 b), 669 (168 S. E. 249).

*Judgment reversed on both bills of exceptions. All the Justices concur.*

Nos. 9612, 9613. February 15, 1934. Rehearing denied March 3, 1934.

426

*F. L. Breen,* for plaintiff.  *J. K. Jordan,* for defendant.