JACKSON *v.* JACKSON.

No. 10087. JULY 11, 1934.

*Raymond W. Marlin,* for plaintiff in error.

*L. L. Meadors* and *Loeb C. Ketzsky,* contra.

BECK, P. J. Mrs. Mary Jackson brought a suit for divorce against N. C. Jackson, to the November term, 1930, of the superior court of Troup County; and the defendant was duly served. The petition was amended on November 9, 1931, the amendment alleging that there were certain minor children born of the marriage between the parties named, and that the children had no property and were dependent for support. The amendment was allowed, and the case proceeded as one for divorce and alimony. There was a proceeding also for temporary alimony. On the petition for temporary alimony a rule nisi was issued and served, requiring the defendant to show cause, on November 14, 1931, why the prayers of the petition should not be granted; and on this last date the judge passed an order awarding $6 as weekly alimony and $25 as attorney's fees.

At the May term, 1931, the first verdict was rendered, granting a total divorce. At the "November term, 192—," a jury returned a verdict finding "for plaintiff against the defendant permanent alimony for plaintiff and the minor children in the sum of $10 per month, payable on the 2nd day of each month to the clerk of the superior court, for delivery to the plaintiff." On May 2, 1932, a final decree was entered, granting a total divorce, and it was "further ordered and adjudged that N. C. Jackson pay to plaintiff for use of herself and minor children the sum of $10 per month as permanent alimony; said payment to be made to clerk of the superior court on the second day of each month." N. C. Jackson did not make any payment in compliance with the decree; and on November 24, 1933, Mrs. Jackson filed a petition praying that the defendant be required to pay the alimony according to the terms of the decree, and that he be adjudged in contempt of the court for failure to comply with the terms of the decree. The defendant filed his demurrer and answer. Evidence was submitted; and the court, upon the hearing, held that the defendant had not made a proper effort to comply with the order of the court, and adjudged Jackson in contempt; and in the order provided that he might be purged of contempt by making payments specified in the order. To

this order Jackson excepted on the grounds that the court erred in refusing to declare the second verdict void because it was vague, indefinite, and uncertain; that the court erred in refusing to vacate the decree of May 2, 1932, because it was indefinite, vague, and uncertain, and based on a void verdict; and that the court erred in not declaring the second verdict, dated "November term 192—," barred by the statute of limitations.

■ We can not concur in the contention of plaintiff in error that the grounds urged afford a sufficient reason for reversing the order finally passed, adjudging him in contempt. It is apparent from the entire record that the second verdict, which granted to the plaintiff a total divorce and $10 per month as permanent alimony for the use of plaintiff and the minor children, was returned subsequently to the May term, 1931, and that the use of the words at the end of the verdict, "term 192—," was a mere clerical error or · omission. And that being apparent, the verdict will not be treated as void, nor the decree based upon it, upon the ground now being considered. For it is clear that the second verdict was rendered at a term between the May term, 1931, and the time at which the decree was entered, May 2, 1932.

■■ The rulings in headnotes 2 and 3 need no elaboration.

■ Another reason urged for declaring the verdict and decree void is that neither the verdict (that is, the second verdict) nor the decree provides what proportion of the permanent alimony is to be paid to the wife, and what proportion the minor children shall be entitled to for their support, and in what manner, how often, and to whom it shall be paid. As we have seen, in the second verdict the jury found for the plaintiff "permanent alimony for plaintiff and the minor children in the sum of $10 per month, payable on second day of each month to the clerk of the superior court for delivery to the plaintiff;" and the decree follows this verdict, as it should. But we are of the opinion that the failure of the jury to specify what amount the minor children shall be entitled to for their permanent support does not render the verdict void. The defendant did not object to the verdict and decree on the ground mentioned, or except to the decree in any way, but allowed it to stand; and he can not now at this late day come into court and, in order to avoid the payment of alimony, raise the contention that the verdict and decree are void. It is true that our Code pro-

vides that if the jury, on final verdict, find in favor of the wife, they shall also, in providing alimony for her, specify what amount the minor children shall be entitled to for their support, and in what manner, how often, to whom, etc., it shall be paid; and there is a want of regularity in a verdict and a decree, where total divorce and alimony is found, if they do not comply with the statute in the respect indicated; and if the husband had duly excepted to this decree and verdict, there would perhaps have been merit in his contention. But, as we have said, he can not wait until this day and escape the responsibility of paying the alimony imposed by the verdict and decree following it. So this contention is without merit; and the other objections raised are even more clearly so.

In view of what is ruled above and the discretion of the court in passing upon the evidence in the case, it can not be said that the court erred in holding the plaintiff in error in contempt and requiring him to make the payments specified, in order to purge himself of the contempt.

*Judgment affirmed. All the Justices concur.*