### KIRBY v. JOHNSON.

50

*Maddox & Griffin,* for plaintiff in error.
*Alec Harris* and *Mrs. Charles L. Camp,* contra.

GRICE, Justice. On April 22, 1925, Mrs. T. N. (Belle) Kirby brought a suit for divorce and alimony against T. N. Kirby. It was alleged in the petition that their four children were Adel, thirteen years of age, Gladys, ten years, Thomas, five years, and Joseph, two years of age; that the children were in the possession and custody of petitioner, and being educated, clothed, and supported by her. She prayed that the court award her their custody and possession; that so far as she was individually concerned she waived all right to alimony and support, but she prayed that the court award her alimony for said children, counsel fees, and that she be given a divorce. She was granted a divorce, the second verdict containing the following: "We further find for attorneys $25, and $5 per month for each of said children until each arrives at the age of eighteen years, as alimony, payable monthly." On the verdict a decree was entered which recited, in part, that the plaintiff recover of the defendant $25 permanent attorney's fees, and $5 per monh for each of said four children until each is eighteen years old, said sum to be paid on the first day of each and every month.

On January 16, 1926, Mrs. Kirby (having in the meantime become Mrs. Belle Kirby Johnson) filed a petition against T. N. Kirby, reciting what is stated in substance above; that the defendant was in arrears in his payments for the support of the children in the sum of $250; and that he stubbornly and persistently refused to comply with the decree. She prayed for a rule, requiring him to show cause why he should not be punished for contempt, etc. At the hearing the judge found him in contempt of court, and that he had not explained to the satisfaction of the court why he had not paid the greater part of past-due alimony. He was ordered to pay "at least one half due alimony." within thirty days, and in default to be confined in jail until it was paid. He excepted.

■ The first assignment of error is that the court refused, on motion of the respondent, to dismiss the attachment for contempt on the ground that said proceeding could not be brought in the name of Mrs. Johnson (previously Kirby), but that it could only proceed in her name for the use and benefit of the children of plaintiff and defendant in said divorce action. Properly construed together with the petition for divorce, the alimony was granted to her, though for the benefit of the children. Accordingly it was proper that the present proceeding be brought in her name. While it might have been proper for her to assert that she was proceeding in her name only for the use and benefit of the children, this was unnecessary. Compare *Martin* v. *Lamb, 77 Ga.* 252 (2), 255 (3 S. E. 10), and cit.

■ It is next insisted that the verdict in so far as it awarded alimony is void, for the reason that it did not specify the names of the children nor make separate awards to them. The verdict does provide "$5 per month for each of said four children until each is eighteen years old." Their names and ages are given in the petition, though not in the verdict. In *Cunningham* v. *Faulkner, 163 Ga.* 19 (135 S. E. 403), it was said: "The verdict and decree in the divorce case, upon which the present proceedings are based, were not void on the ground that the verdict allowing a stated sum as alimony for the support of the wife and child did not specify, *what amount the minor child should-be entitled to for its support, nor in what manner, how often, nor to whom it should be paid."* (Italics ours.) See also *Christian* v. *Christian, 153 Ga.* 272 (111 S. E. 809); *Jackson* v. *Jackson, 179 Ga.* 152 (175 S. E. 456). As was said in the case last cited: "It is true that our Code provides that if the jury, on final verdict, find in favor of the wife, they shall also, in providing alimony for-her, specify what amount the minor children shall be entitled to for their support, and in what manner, how often, to whom, etc., it shall be paid; and there is a want of regularity in a verdict and a decree, where total divorce and alimony is found, if they do not comply with the statute in the respect indicated; and if the husband had duly excepted to this decree and verdict, there would perhaps have been merit in his contention. But, as we have said, he can not wait until this day and escape the responsibility of paying the alimony imposed by the verdict and decree following it. So this contention is without merit."

■ It is next contended that the contempt proceeding should be dismissed, because it nowhere appears in the citation for contempt that the child or children are in the mother's custody and control. There is no hint anywhere in the record that the children are in their father's custody, and it was not necessary to aver in the contempt proceeding that they were in her custody. The verdict and decree was a finding that the mother should recover for the children alimony from the father. A proceeding for attachment for contempt against him for failure to obey the terms of the decree need not contain the express averment that the children are in the mother's custody.

■ The evidence was sufficient to support the finding of the judge that the failure to pay alimony was a contempt of court.

*Judgment affirmed. All the Justices concur.*