CLEVELAND *v*. CLEVELAND.

No. 14850. JUNE 8, 1944.

*Leonard Pennisi,* for plaintiff in error.

*Burress & Dillard,* contra.

GRICE, Justice. Certain special grounds of the demurrer, which pointed out alleged structural defects in the petition, were not insisted on, and therefore are treated as abandoned. None of the other grounds call in question the right of the defendant in error to seek the issuance of the scire facias under the facts appearing, except the insistence that the petition shows on its face that such right is barred by the statute of limitations. Therefore we shall deal only with the question, should the trial court have refused to issue the scire facias because the request therefor came too late? The demurrant pointed out no statute, but it is assumed that he had in mind the provisions of the Code, § 110-1001, to the effect that a judgment becomes dormant in seven years if no execution is issued thereon in the meantime, etc., and § 110-1002, which permits the revival of a dormant judgment within three years, and reads as follows: "A dormant judgment may be revived by scire facias or sued on within three years from the time it becomes dormant." Section 110-1003 is to like effect. In *Heakes* v. *Heakes,* 157 *Ga.* 863 (122 S. E. 777), a suit was filed on January 9, 1923, in a court of this State by a wife on a decree rendered on January 30, 1909, by a chancery court of Alabama, granting her permanent alimony payable in installments. The petition alleged that the husband had defaulted in his payments; that on March 1, 1917, the sum of $3375 was due; and that other sums were due for March 1, 1917, to January 1, 1923. A demurrer was interposed, relying on the statute of limitations, which, it was contended, required that a suit on a judgment be commenced within five years after the judgment was obtained. In ruling that the demurrer was properly overruled, this court, while holding that the principles applicable to the limitation of actions on judgments are the same or analogous to those applicable to dormancy of judgments, further held that where a judgment is made payable in installments, the statute of limitations applies to each installment separately and does not begin to run on any installment until it is due. *Fischer* v. *Fischer,* 164 *Ga.* 81 (137 S. E. 821), was a case where a wife

instituted contempt proceedings against her husband for failure to pay alimony, the original decree providing for the payments in installments. The husband urged that the judgment sought to be enforced was barred by the statute of limitations, the judgment having been rendered in March, 1912, and no action or motion having been made to enforce it until August 5, 1924. This contention was not sustained, and this court held that, "Although the proceedings in this case were instituted thirteen years after the judgment and decree for alimony sought to be enforced, the demand of the plaintiff was not barred by the statute of limitations, nor on the ground of the dormancy of such judgment." In the opinion it was said: "We do not think that the decree in this case awarding as alimony for the benefit of Mrs. Fischer and her minor child a sum payable in installments is such a decree for money as is contemplated in section 5434 of the Civil Code, providing for the dormancy of decrees. We find decisions in outside jurisdictions holding that a judgment for alimony does not become dormant by failure to issue execution within the statutory period, as it is a continuing subsisting claim against the husband, which rests both on the adjudication of the court and also the obligations of the common-law liability of the husband to support his wife." The court then cited authorities in support of the conclusion reached.

It must be here ruled that the assignment of error shows no reason for reversal, and hence the judgment excepted to is affirmed.

*Judgment affirmed. All the Justices concur.*