### 36680. WILSON *v.* CHUMNEY.

Carlisle, J. 1. It is not contrary to the public policy of this State for a putative father to be ordered to support his illegitimate children, and provision is specifically made for compelling him to do so. Code § 74-9901. See also Code (Ann.) § 99-903a (6g).

2. "Under the doctrine of res judicata, whenever there has been a judgment by a court of competent jurisdiction in a former litigation between the same parties, based upon the same cause

of action as a pending litigation, the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation." *Farmer* v. *Baird*, 35 *Ga. App.* 208 (132 S. E. 260), and numerous citations.

3. Under an application of the foregoing principles of law, the judgment of the Superior Court of Fulton County of September 25, 1956, making the judgment of the Circuit Court of Wayne County, Michigan, the judgment of the Superior Court of Fulton County, under the terms of the Uniform Reciprocal Enforcement of Support Act, whereby the defendant was ordered to contribute $7 per week each for the support of his two illegitimate children, to which no exception was taken, is not void or voidable, and whether right or wrong, is the law of the case. The trial court, consequently, did not err in sustaining the plea of res judicata and refusing to set aside that judgment.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 1, 1957—REHEARING DENIED JULY 18, 1957.

*Robert Carpenter, A. Tate Conyers*, for plaintiff in error.

*Paul Webb, Solicitor-General, Amber Anderson, Eugene L. Tiller,* contra.

By a judgment of the Circuit Court of Wayne County of the State of Michigan, dated July 13, 1951, Etsey Wilson was declared to be the father of two illegitimate children by Betty Lamb (now Chumney) and was ordered to pay $7 per week per child for their support. In August 1956, the mother of the children instituted proceedings pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act of the State of Michigan and the Reciprocal Enforcement of Support Act of Georgia (Ga. L. 1956, pp. 703, et seq.) to compel Wilson to support the children. The petition was duly filed in the Superior Court of Fulton County and served upon Wilson who demurred to the petition generally and specially on various grounds, all of which were overruled and to which no exception was taken, and the court entered the following order:

"The within matter having come on regularly to be heard, and after hearing testimony of the respondent, and it appearing that

the respondent is able to support his dependent children, now therefore,

"It is the order of the court having due regard to the parties' means and circumstances that the respondent pay to the Adult Probation Office the sum of $7 per week per child, starting October 12, 1956, and each week thereafter, for the support of Donna Lee Ona Lamb and Donald Edward Lamb (twins), age 7, until the children attain the age of 18 years, or until further order of this court.

"Further ordered that upon receipt of payments from the respondent the Probation Officer shall forthwith transmit the same to the Friend of the Court, Wayne County Building, 600 Randolph Street, Detroit 26, Michigan.

"Further ordered that the clerk shall transmit a certified copy of this order to the court in the initiating State.

"Costs in this proceeding be charged against respondent.

"This 25th day of September, 1956."

No exception was taken to this judgment either.

On January 7, 1957, Wilson brought an action to set aside the judgment of September 25, 1956, on the ground that the judgment was void and that it would be contrary to the public policy of this State to force a resident of this State to support his illegitimate children unless he has been declared to be their father by a court of this State.

The solicitor-general acting in behalf of the mother of the children, in accordance with the terms of the Act, interposed a plea of res judicata and introduced the entire record of the proceedings in evidence. The trial court sustained the plea of res judicata and denied the motion to set the judgment aside.