### 19984. WILSON *v.* CHUMNEY.

DUCKWORTH, Chief Justice. 1. An order or judgment which merely declares the rights of the parties without an express command or prohibition is not one which may be the basis for a contempt proceeding for the failure to comply therewith. 12 Am. Jur. 406, § 24; *Hammock* v. *Hammock,* 209 *Ga.* 751 (76 S. E. 2d 15). But it is no longer open to question in this State that a valid judgment for alimony may be enforced by

attachment for contempt for nonpayment not arising from lack of ability to pay, since the judgment goes further and expressly commands the payment of support, which is a duty in which society has a substantial interest. See Code § 24-105, and citations thereunder; *Lewis* v. *Lewis,* 80 *Ga.* 706 (6 S. E. 918, 12 Am. St. R. 281); *Waldron* v. *Waldron,* 138 *Ga.* 788 (76 S. E. 348); *Bales* v. *Bales,* 156 *Ga.* 679 (119 S. E. 635); *Estes* v. *Estes,* 192 *Ga.* 94, 96 (14 S. E. 2d 681); *Goodrum* v. *Goodrum,* 202 *Ga.* 135 (42 S. E. 2d 450).

2. The order requiring the plaintiff in error to support his dependent children has become final and unexcepted to, and on motion to set it aside ruled to be res adjudicata, which judgment was affirmed by the Court of Appeals in *Wilson* v. *Chumney,* 96 *Ga. App.* 258 (99 S. E. 2d 736). That ruling put an end to litigation as to the validity of that judgment. It will not allow another challenge of the validity of that judgment. This renders inapplicable the decision in *Allen* v. *Baker,* 188 *Ga.* 696 (4 S. E. 2d 642), where the validity of the judgment had not been adjudicated. The court had power, irrespective of Ga. L. 1951, p. 107; Ga. L. 1956, p. 703, and Ga. L. 1957, p. 291, to issue an attachment for the failure to comply with the court order, since the court has inherent power to punish for contempt a failure to comply with an order of support. It was not error to overrule the demurrers to the petition and rule for contempt.

3. Since, as ruled above, the court has authority to punish the defendant for contempt, it is unnecessary to rule upon the constitutional question raised by demurrer as to Georgia Laws, 1957, p. 703, since the petition alleges a cause of action regardless of the validity of this statute.

*Judgment affirmed. All the Justices concur.*

Argued February 11, 1958—Decided April 11, 1958—
Rehearing denied May 7, 1958.

*Robert Carpenter, A. Tate Conyers,* for plaintiff in error.

*Paul Webb, Solicitor-General, Amber W. Anderson, Eugene L. Tiller,* contra.

*Eugene Cook, Attorney-General, G. Hughel Harrison, Frank Edwards, Assistant Attorneys-General, John Tye Ferguson, John C. Scarborough, Deputy Assistant Attorneys-General,* for party at interest not party to record.