## 25153. LOVETT v. LOVETT.

DUCKWORTH, Chief Justice. This appeal is from a judgment dismissing a petition for contempt for nonpayment of a judgment awarding temporary alimony. Although the award was in a suit for divorce in which alimony was awarded in 1944 pending the final adjudication and until the further order of the court, the statute of limitation does not run against a judgment for alimony, and the same is not dormant. *Fischer v. Fischer,* 164 Ga. 81 (137 SE 821); *Fauver v. Hemperly,* 178 Ga. 424 (173 SE 82); *Williams v. Williams,* 194 Ga. 332 (21 SE2d 229). But this award arose out of a suit for divorce, and under *Code Ann.* § 3-512 (Ga. L. 1953, Nov. Sess., pp. 342, 343; 1967, pp. 557, 558) (see also *Code Ann.* §§ 81A-141 (e) and 81A-201 (c) (Ga. L. 1966, pp. 609, 653, 687)), when that suit had been pending for five years and no written order was thereafter taken therein, including one of continuance, it was automatically dismissed, and that carried with. it the order for temporary alimony. *Swint v. Smith,* 219 Ga. 532, 534 (3) (134 SE2d 595); *Burgess v. State,* 221 Ga. 586, 587 (146 SE2d 288). However, the alimony order was valid until the automatic dismissal, and the defendant owed all amounts provided for therein until such dismissal. Since the petition showed this much due, it was error to dismiss the petition and refuse to hold the defendant in contempt until he purged himself by paying the amount due under the judgment. See *Code* § 30-204.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 16, 1969—DECIDED APRIL 24, 1969.

*Virginia A. Bips,* for appellant.

*Adair, Goldthwaite, Stanford & Daniel, Donald A. Weismann,* for appellee.