## 28526. BRYANT v. BRYANT.

GUNTER, Justice.

This appeal results from a judgment which dismissed appellant-father's action to quash an execution issued on an alimony judgment and to enjoin the enforcement of the execution against the property of the appellant.

In 1957 the appellee-mother was awarded a child-support alimony judgment which provided that the appellant should pay twenty dollars per week "until the youngest of said minor children reaches the age of eighteen years, becomes self-supporting, enters any branch of the armed services of the United States, marries or dies."

On June 29, 1973, the appellee filed an affidavit with the clerk of the superior court in which the 1957 judgment was rendered which showed that since September 1, 1960, the appellant had paid only fifteen dollars per week, a deficiency of five dollars per week, and that a total of three thousand two hundred twenty-five dollars was due on the judgment from September 1, 1960 to date. The appellee requested that an execution issue in the amount pursuant to the provisions of Code § 30-204. See *Wood v. Atkinson,* 231 Ga. 271 (201 SE2d 394).

The execution was issued by the clerk of court and recorded on the General Execution Docket. Appellant then brought an action below to quash the execution and enjoin its enforcement against his property. The appellee then filed a motion to dismiss the action, the trial court entered a judgment sustaining this motion, and the appellant has come to this court seeking reversal of that judgment of dismissal.

The appellant's contention is that the execution was illegally issued, and that the trial court's judgment declining to quash it and enjoin its further enforcement was erroneous.

This record plainly shows that a valid instalment alimony judgment was entered against the appellant in

1957, that from 1960 through 1973 the appellant paid fifteen dollars on each weekly twenty dollar instalment, and that there was a five dollar deficiency on each instalment from 1960 to 1973. The issue for decision is whether the appellee was legally entitled to have an execution issued for the full deficiency amount, that part of the deficiency amount that is legally collectible, or none of the deficiency amount.

As late as 1969 this court held that "the statute of limitation does not run against a judgment for alimony, and the same is not dormant." That was in a contempt case. See *Lovett v. Lovett,* 225 Ga. 251 (167 SE2d 590). That case indicates that an alimony judgment rendered in 1944 for temporary alimony accruing during a five-year period pursuant to its entry was enforceable.

*Lovett* cited as authority the cases of *Fischer v. Fischer,* 164 Ga. 81 (137 SE 821); *Fauver v. Hemperly,* 178 Ga. 424 (173 SE 82), and *Williams v. Williams,* 194 Ga. 332 (21 SE2d 229). An examination of these cited cases shows that *Fischer* affirmed a judgment of the trial court which had held that past-due instalments "falling due within seven years prior to the filing of the contempt proceedings," plus accrued interest thereon, were collectible. *Fauver,* a 1933 decision, permitted the enforcement of a judgment for temporary alimony, such temporary alimony instalments having become due between 1914 and 1917 and sought to be collected in 1931. *Fauver* also held that the statute of limitation did not apply to a judgment for temporary alimony, but said that the rule was otherwise with respect to a judgment for permanent alimony. *Williams* held that the dismissal of an action for alimony did not terminate the right of the wife to enforce the instalments of temporary alimony which became due before such dismissal, but it also held that a temporary alimony award was revocable by the court at any time and a judgment revoking such an award, entered ten years later, was not erroneous.

In the case of *Landis v. Sanner,* 146 Ga. 606 (91 SE 688), this court held that a judgment for permanent alimony and child support being "nothing more than an ordinary common-law judgment, the fi. fa. based upon it, not having been kept in life in accordance with the

provisions of Section 4355 of the Code of 1910, was dormant, and the court did not err in so ruling." The trial court's judgment dismissing the levy was affirmed.

*Werber v. Werber,* 165 Ga. 112 (139 SE 801), and *Bales v. Bales,* 156 Ga. 679 (119 SE 635), were cases in which permanent alimony judgments were held to be enforceable after the expiration of seven years. However, both were contempt cases, and in each case the judgment debtor had absented himself from the state of Georgia so that an attachment for contempt could not be executed.

In *Cleveland v. Cleveland,* 197 Ga. 746 (30 SE2d 605), the alimony judgment-creditor brought an action in 1943 to revive a 1932 alimony judgment. The judgment-debtor filed a general demurrer urging the bar of the statute of limitation. The trial court overruled the demurrer and this court affirmed. The headnote indicates that an alimony instalment judgment is not subject to our dormancy or revival statutes. Code §§ 110-1001, 110-1002, and 110-1003. However, a careful reading of the opinion itself shows that the court merely held that the overruling of a general demurrer which urged that the instalment judgment sought to be revived was barred by the statute of limitation was proper. After referring to *Heakes v. Heakes,* 157 Ga. 863 (122 SE 777), the court in *Cleveland* said (p. 747): "In ruling that the demurrer was properly overruled, this court, while holding that the principles applicable to the limitation of actions on judgments are the same or analogous to those applicable to dormancy of judgments, further held that where a judgment is made payable in instalments, the statute of limitations applies to each instalment separately and does not begin to run on any instalment until it is due." We think that the net result of the *Cleveland* decision, contrary to what is said in the headnote, was that the action brought by the judgment-creditor, Mrs. Cleveland, stated a claim for revival of those instalments that came due within a period of ten years preceding the filing of the action.

In *Morrow v. Wainwright,* 177 Ga. 100 (169 SE 310), this court sustained the dismissal of an affidavit of illegality which opposed the levy of an execution which was issued for alimony instalments due and payable for

the eighteen months immediately preceding the issuance of the execution. The alimony instalment judgment had been rendered in 1914. The execution based thereon was issued by the clerk in 1932, but it was issued only for instalments that became due and payable for the eighteen months immediately preceding the issuance of the execution. This decision meant that although an execution had not been issued on the judgment since its rendition in 1914, an execution could be issued and was valid when issued in 1932 for instalments coming due during the eighteen months immediately preceding the issuance of the execution. Those instalments were not barred by either dormancy or a statute of limitation.

From the foregoing decisions and our study of them we must decide what rule is applicable to the enforcement of executions issued on the basis of alimony judgments. We must apply that rule in this case, and we now proceed to do so.

We conclude that alimony judgments, like all other judgments, are subject to and controlled by our dormancy and revival statutes and any applicable statute of limitation. This means that a lump-sum alimony judgment is dormant after the expiration of seven years and is not subject to revival after the expiration of ten years. Code Ch. 110-10. However, with respect to instalment-payment alimony judgments, instalments that became due within seven years preceding the issuance and recording of the execution are collectible and enforceable, and instalments that are dormant, having become due seven to ten years prior to the filing of a revival action, are subject to being revived through the applicable statutory revival procedure.

All prior decisions in conflict with this rule are hereby disapproved and will not be followed.

The application of this rule in the case at bar means that all instalment payments accruing between 1960 and 1973, when the execution in this case was issued and recorded, are not collectible and enforceable. The case must therefore be returned to the trial court for a determination of the number and total amount of instalments due and the amendment of the execution so as to reflect that determination.

*Judgment reversed with direction. All the Justices concur.*

ARGUED JANUARY 14, 1974 — DECIDED APRIL 23, 1974.

*Bush & Estes, Walter J. Lane, Jr.,* for appellant.
*Bell & Bell, Self & Self, Tilman E. Self,* for appellee.