## 30889. JOYCE v. JOYCE.

NICHOLS, Chief Justice.

The appeal in this case is from a judgment holding the appellant (former husband) in contempt of court for failure to comply with the italicized portion of the following excerpt of the original divorce decree: ". . . Plaintiff is hereby awarded a one-half undivided interest in the parties' home located at 212 Meadowdale Drive, Dalton, Georgia, and the defendant shall execute and deliver to plaintiff a warranty deed conveying this one-half undivided interest to her. *The defendant shall be responsible for any payments which may be due on these premises including all taxes and insurance.* Plaintiff shall be entitled to exclusive use and possession of said premises for so long as she may see fit to reside at said premises, and at

such time as she should vacate the premises the same is to be sold and the equity is to be equally divided between the parties . . ."

The appellant concedes that payments on such property have not been made but contends that inasmuch as the decree does not specifically mandate such payments that contempt is not a proper remedy to require compliance with such provision of the divorce decree.

The appellant relies upon cases exemplified by *Ogletree v. Watson,* 223 Ga. 618, 619 (157 SE2d 464) (1967) where it is held that an order or judgment that merely declares the rights of the parties, without any express command or prohibition, is not one which may be the basis of a contempt proceeding.

Such law is not applicable to citations for contempt for failure to pay alimony. As was held in *Robbins v. Robbins,* 221 Ga. 627, 628 (146 SE2d 628) (1966): "The law makes the nonpayment of alimony in accordance with a decree of divorce and alimony contempt regardless of whether the final order of the court commands the payment of same. Code §§ 30-204, 30-219; *Wilson v. Chumney,* 214 Ga. 120 (1) (103 SE2d 552) [1958], and citations."

The divorce decree in this case making the appellant responsible for any payments which may be due on the premises, including all taxes and insurance, was an award of alimony and no specific mandate requiring payment was necessary in order to authorize the trial court to hold the appellant in contempt for failure to make such payments.

The judgment of the trial court holding the appellant in contempt for failure to make such payments was not erroneous as a matter of law and must be affirmed.

*Judgment affirmed. All the Justices concur.*

Submitted February 27, 1976 —
Decided April 6, 1976.

*McDonald, McDonald & McDonald, E. Crawford McDonald,* for appellant.

*Mitchell, Mitchell, Coppedge & Boyett, J. Raymond*

*Bates, Jr.,* for appellee.