S96Q0764. WAUSAU INSURANCE COMPANY v. McLEROY et al.
(471 SE2d 504)

BENHAM, Chief Justice.

Appellees are the widows of and the executors/administrators of the estates of five men who were employees of Lockheed Aeronautical Services Corporation when they were killed in a work-related aircraft crash in February 1993. Appellant Wausau Insurance Company, the employer's workers' compensation carrier, commenced payment of benefits. Acting pursuant to the statutory authority given by OCGA § 34-9-11.1 (a), appellee McLeroy filed a wrongful death action in federal court against several third parties, including the airplane manufacturer. The other appellees joined together and filed a separate wrongful death action in federal court against the airplane manufac-

---

[5] Id.

turer and other alleged third-party tortfeasors. Wausau, also acting pursuant to the statutory authority given by OCGA § 34-9-11.1, intervened in both lawsuits to protect its subrogation rights. When the widows/estate representatives and the third-party tortfeasors settled, Wausau sought to enforce its subrogation lien and recover the amount of workers' compensation benefits it had paid to appellees. The federal district court denied Wausau's motion for summary judgment on the issue of subrogation, holding that OCGA § 34-9-11.1 (b) allowed subrogation only for medical expenses and disability benefits, neither of which was involved in these cases. Wausau appealed the judgment to the United States Court of Appeals for the Eleventh Circuit which, in an unpublished opinion, certified questions to this Court for resolution. See OCGA § 15-2-9.

The Eleventh Circuit asked:

(1) Prior to its 1995 amendment, did OCGA § 34-9-11.1 (b) allow an employer or an employer's insurer to recover death benefits and/or burial expenses paid pursuant to OCGA § 34-9-265 from the proceeds of the survivor's § 34-9-11.1 (a) litigation against a third party tortfeasor?

and

(2) Should the 1995 amendment to OCGA § 34-9-11.1 (b) be applied retroactively?

1. In 1992, the Georgia General Assembly enacted OCGA § 34-9-11.1

to provide for the rights of the employee or the employer or its insurer to proceed against persons other than the employer who are liable for an employee's injury or death; to provide for subrogation liens; to provide for matters relative to actions against persons other than the employer; to provide for amounts which may be recovered by an employer or its insurer. . . .

Ga. L. 1992, p. 1942. OCGA § 34-9-11.1 (a) permits an injured employee or those to whom his right of action survives at law to seek financial redress from a third-party tortfeasor responsible for the employee's on-the-job injury or death. At the time of its passage, OCGA § 34-9-11.1 (b) provided a subrogation lien to an employer or its insurer, should the injured employee or the survivors recover against the third-party tortfeasor, "not to exceed the actual amount of compensation paid pursuant to this chapter. . . ." Subsection (b) further stated that "the employer's or insurer's recovery under this Code sec-

tion shall be limited to the recovery of the amount of disability benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated. . . ." Thus, in order for Wausau to recover pursuant to the statutory subrogation right, Wausau must establish that it paid disability benefits and medical expenses.[1]

2. The Georgia workers' compensation statutory scheme provides medical care benefits (OCGA § 34-9-200); rehabilitation benefits (OCGA § 34-9-200.1); temporary total disability benefits (OCGA § 34-9-261); temporary partial disability benefits (OCGA § 34-9-262); permanent partial disability benefits (OCGA § 34-9-263); hearing loss benefits (OCGA § 34-9-264); and death benefits (OCGA § 34-9-265). The statutory subsection authorizing an employer/insurer's ability to recover pursuant to a subrogation lien expressly limits that recovery to "the amount of disability benefits, and medical expenses paid under this chapter. . . ." OCGA § 34-9-11.1 (b) (1992). Consequently, benefits paid because death resulted from an accident arising out of and in the course of the decedents' employment are not incorporated within the statutory subrogation lien. The General Assembly's 1995 amendment to OCGA § 34-9-11.1 (b) making death benefits subject to the employer/insurer subrogation lien further evinces the correctness of our conclusion since we must presume that the legislative addition of language to the statute was intended to make some change in the existing law. *TEC America v. DeKalb County Bd. of Tax Assessors*, 170 Ga. App. 533, 537 (317 SE2d 637) (1984). See also *Barge-Wagener Constr. Co. v. Morales*, 263 Ga. 190 (1) (429 SE2d 671) (1993), wherein this Court stated that "[d]eath benefits under workers' compensation statutes are separate and distinct from the right to compensation vested in the employee by reason of injury." We answer the first question in the negative.

3. When it amended OCGA § 34-9-11.1 during its 1995 session, the General Assembly included within the legislation a provision making its amendment to subsection (c) retroactive to cover injuries sustained on or after July 1, 1992. OCGA § 34-9-11.1 (e). No provision regarding the retrospective application of the amendment to subsection (b) was included in the amendatory legislation.

"Generally statutes prescribe for the future and that is the construction to be given unless there is a clear contrary intention shown." *Polito v. Holland*, 258 Ga. 54 (2) (365 SE2d 273) (1988). "A statute is never to be given a retroactive operation unless such construction is

---

[1] Of course, before recovering on its subrogation lien, the employer/insurer must also establish that the injured employee has been "fully and completely compensated . . . for all economic and noneconomic losses incurred as a result of the injury." OCGA § 34-9-11.1 (b) (1992). We do not reach the issue of whether that has occurred in this case.

absolutely demanded. [Cit.]" *J. Scott Rentals, Inc. v. Bryant*, 239 Ga. 585, 586 (238 SE2d 385) (1977). We conclude that the 1995 amendments to subsection (b) are not to be given retrospective effect and answer the second question in the negative.

*Certified questions answered in the negative. All the Justices concur.*

DECIDED JUNE 17, 1996.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Timothy J. Buckley III, Jonathan E. White,* for appellant.

*Donald J. Sharp, Charles M. Morris, Johnson & Montgomery, Nisbet S. Kendrick III, Harry W. MacDougald,* for appellees.