## S98A0955. BROWN v. BROWN.
(506 SE2d 108)

CARLEY, Justice.

The marriage between Beverly and Clarke Brown was dissolved in 1983, pursuant to a final judgment and decree of divorce which approved and incorporated by reference a settlement agreement previously entered into by the parties. The final judgment and decree ordered both parties to comply with the terms of the agreement. The

---

incorporated agreement contained several references to "the event [Ms. Brown] . . . ceases to be entitled to alimony pursuant to OCGA § 19-6-19." In May of 1997, Ms. Brown filed a motion for contempt, seeking to recover alimony for 1987 and 1988. Included in her motion was a prayer for the revival of "any portion of the . . . [alimony] Judgment . . . which may be dormant . . . ." See *Parker v. Eason*, 265 Ga. 236 (454 SE2d 460) (1995). Mr. Brown answered, asserting that he had no liability because of the dormancy of the alimony judgment for the years 1987 and 1988 or, in the alternative, because Ms. Brown "openly cohabited in a meretricious relationship . . . prior to January 1, 1987." At the hearing, the trial court ruled that evidence of Ms. Brown's cohabitation was "relevant on the issue of contempt." After the presentation of evidence in that regard, the trial court denied the motion for contempt. We granted discretionary review to determine whether the trial court erred in holding that the evidence of her meretricious relationship was relevant to Mr. Brown's obligation to pay alimony.

1. Such evidence would be relevant if the incorporated agreement provided that Ms. Brown's meretricious relationship was a self-effectuating ground authorizing Mr. Brown to cease paying her alimony. *Quillen v. Quillen*, 265 Ga. 779 (1) (462 SE2d 750) (1995); *Kent v. Kent*, 265 Ga. 211, 212 (2) (452 SE2d 764) (1995). Under those circumstances, he would be entitled to stop paying alimony immediately upon her entry into the meretricious relationship, without any prior judicial proceedings. However, the settlement agreement does not designate the precipitating occurrence as Ms. Brown's meretricious relationship, but as the cessation of her entitlement to alimony "pursuant to OCGA § 19-6-19." She would cease to be entitled to alimony pursuant to that statute only after a judicial determination that she had engaged in a meretricious relationship and that the termination, rather than a mere reduction, of the alimony award was warranted. OCGA § 19-6-19 (b). "[U]nder the statute, the obligated spouse is *never* authorized to terminate payments by claiming the former spouse is in a meretricious relationship without first seeking judicial relief. [Cit.]" (Emphasis in original.) *Kent v. Kent*, supra at 213 (2), fn 4.

Accordingly, evidence that Ms. Brown engaged in a meretricious relationship would not be relevant to excuse retroactively Mr. Brown's failure to pay alimony for 1987 and 1988. Her meretricious relationship would constitute a defense only if, pursuant to OCGA § 19-6-19 (b), he had previously obtained a judicial modification terminating her entitlement to alimony for those years. It is undisputed that Mr. Brown did not obtain such a prior order of modification. "The burden is on defendant to show affirmatively that he is unable to pay the judgment of the court." *Weiner v. Weiner*, 219 Ga. 44 (131

SE2d 561) (1963). Thus, if Ms. Brown's claim for unpaid alimony is not otherwise barred, Mr. Brown's failure to pay would be a wilful contempt unless he demonstrated a financial inability to meet that obligation. *Brown v. Brown*, 237 Ga. 122 (1) (227 SE2d 14) (1976), overruled on other grounds, *Ensley v. Ensley*, 239 Ga. 860, 864 (238 SE2d 920) (1977). The trial court erred in allowing Mr. Brown to introduce irrelevant evidence in defense of the motion for contempt.

2. Under OCGA § 9-12-60 (a), a judgment can become dormant after seven years but, pursuant to OCGA § 9-12-61, may be renewed or revived within the ensuing three-year period. Thus, if those statutes are applicable here and Ms. Brown made no other attempt to renew or revive her judgment, she has an enforceable claim for unpaid alimony for no more than the ten-year period preceding May 9, 1997. See *Parker v. Eason*, supra. Effective July 1, 1997, however, OCGA § 9-12-60 was amended by adding a subsection (d) which provides that the dormancy provisions of subsection (a) "shall not apply to judgments or orders for child support or spousal support." According to Ms. Brown, this amendment applies retroactively, rather than prospectively, so as to defeat Mr. Brown's assertions of the dormancy of the judgment awarding alimony for 1987-1988 and the consequent unenforceability of her claim for arrearage for the pre-May 1987 period.

Classification as a dormant judgment under OCGA § 9-12-60 (a) is determinative of the applicability of the three-year period for renewal or revival established by OCGA § 9-12-61. See *Bell v. Hanks*, 55 Ga. 274, 275 (2) (1875); *Johnson v. Huggins*, 7 Ga. App. 553 (67 SE 217) (1910). Thus, the issue is whether the 1997 legislative removal of judgments for child and spousal support from the definition of dormant judgments applies retroactively so as to revive Ms. Brown's claim for such unpaid alimony which was due more than ten years before she brought this contempt action and prayed for revival of the dormant portion of the judgment. The general rule is that statutes which remove a time-bar to the initiation of legal claims will be given a retrospective application only "when the language imperatively requires it, or when an examination of the act as a whole leads to the conclusion that such was the legislative purpose. It is at last and always a question of legislative intent. [Cit.]" *Canton Textile Mills v. Lathem*, 253 Ga. 102, 103 (1) (317 SE2d 189) (1984). *Reid v. Reid*, 232 Ga. App. 304 (502 SE2d 269) (1998) is distinguishable, as it addresses the retroactive application of a remedial statutory amendment, rather than a statutory amendment reviving the substantive right to enforce a dormant judgment. The effective date of OCGA § 9-12-60 (d) is July 1, 1997, and there is no expression of any legislative intent that it apply to judgments for child and spousal support entered before that date. Compare *Vaughn v. Vulcan Materials Co.*,

266 Ga. 163 (465 SE2d 661) (1996); *Canton Textile Mills v. Lathem,* supra. Giving that amendment a retroactive interpretation would have the far-reaching effect of authorizing initiation of a suit after July of 1997 to recover arrearages on any and all child or spousal support judgments that were entered in this state at *any* time prior to July of 1987. Our review of the 1997 enactment as a whole does not lead us to the conclusion that the General Assembly's implicit intent was that OCGA § 9-12-60 (d) have such a broad and significant impact. See *Wausau Ins. Co. v. McLeroy,* 266 Ga. 794, 796 (3) (471 SE2d 504) (1996); *Appalachee Enterprises v. Walker,* 266 Ga. 35, 36 (2) (463 SE2d 896) (1995). Accordingly, OCGA § 9-12-60 (d) must be given prospective effect and, thus, it applies only to judgments for child and spousal support entered after July 1, 1997.

It follows that if the dormant portion of the alimony judgment is revived, pursuant to OCGA § 9-12-61, Ms. Brown would have a viable claim for arrearages resulting from the post-May 1987 period, but, in no event, would the judgment be enforceable for the pre-May 1987 period. A review of the transcript shows that an issue of fact remains as to the amount of unpaid alimony which is attributable to that ten-year period between May of 1987 and 1997. Accordingly, the denial of Ms. Brown's motion for contempt is reversed because of the erroneous evidentiary ruling discussed in Division One, and the case is remanded with direction that the trial court conduct another hearing to determine initially whether Mr. Brown is in contempt and, if he is, then to determine the amount of unpaid alimony that became dormant under OCGA § 9-12-60 (a) but the judgment for which can be revived pursuant to OCGA § 9-12-61.

*Judgment reversed, and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*Barry B. McGough,* for appellant.
*Bauer & Deitch, Henry R. Bauer, Jr.,* for appellee.