A02A0221. OWENS v. DEPARTMENT OF HUMAN RESOURCES.
(566 SE2d 403)

ANDREWS, Presiding Judge.

Franklin D. Owens, Jr. appeals from the trial court's order registering and enforcing a Florida child support order under the Uniform

Interstate Family Support Act, OCGA § 19-11-100 et seq. (UIFSA), contending that the trial court incorrectly applied Florida law to the issue of dormancy and failed to properly consider his defense of laches.[1]

Owens and his former wife were divorced in Florida on September 19, 1974. Pursuant to that judgment, Owens was ordered to pay child support of $30 per week for his then one and one-half-year-old daughter. Thereafter, Owens moved to Georgia. In 1975, a petition was filed in Georgia under the Uniform Reciprocal Enforcement of Support Act, OCGA § 19-11-40 et seq. (applicable to actions initiated prior to January 1, 1998), and an order was entered directing him to pay support of $30 per week.

In November 1999, the Department of Human Resources filed its petition under the UIFSA, pursuant to a request from Florida, seeking to register and enforce the original Florida judgment. Owens raised the defenses of laches and dormancy.

1. The trial court correctly concluded that, pursuant to the UIFSA, Florida law applied to this matter. *Dept. of Human Resources v. Deason*, 238 Ga. App. 853, 857 (1) (520 SE2d 712) (1999) (physical precedent). As provided in OCGA § 19-11-163 (a), the law of the issuing state, here Florida, "governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order." Subsection (b) provides that, in a proceeding for arrearages, "the statute of limitation under the laws of Georgia or of the issuing state, *whichever is longer*, applies." (Emphasis supplied.)

While, in Georgia, judgments become dormant after seven years, with the possibility of revival within three years of becoming dormant, OCGA §§ 9-12-60 (a) (1)[2] and 9-12-61, Florida has no statute of limitation for child support orders because actions to enforce support arrearages are treated as equitable in nature. *Dept. of Human Resources*, supra at 862, citing, e.g., *Dean v. Dean*, 665 S2d 244 (Fla. App. 1995); *Fowhand v. Piper*, 611 S2d 1308 (Fla. App. 1992). Further, Florida has no dormancy provisions applicable to child support orders. Id. Florida's general statute of limitation provides actions must be brought within 20 years. Fla. Stat. Ann. § 95.11 (1) (1960); *Dept. of Human Resources*, supra at 858.

---

[1] Owens has not complied with Court of Appeals Rule 27 (c) in that, although three enumerations of error are stated, the argument does not follow the order of the enumerations, is not logically linked to them, and is not divided and numbered accordingly. To the extent that we can discern the main arguments, we exercise our discretion to address them. *Stagl v. Assurance Co. &c.*, 245 Ga. App. 8, 9 (1) (539 SE2d 173) (2000).

[2] The 1997 amendment to this statute making the defense of dormancy no longer applicable to child support orders applies prospectively only and does not apply to the arrearages at issue here. *Brown v. Brown*, 269 Ga. 724, 726 (2) (506 SE2d 108) (1998).

Therefore, Florida's statutes provide for a longer period, and the trial court properly applied Florida law.

2. The trial court concluded that, under Florida law, Owens had not carried his burden of proof regarding laches. We agree.

Under Florida law, without a showing of "extraordinary facts or strongly compelling circumstances, the action or inaction of a parent will not give rise to a defense of laches barring enforcement of child support arrearages." (Citation and punctuation omitted.) *Fowhand*, supra at 1310.

In order to establish the defense of laches in a child support action, Owens was required to show the obligee/mother had a valid claim; failure of the obligee/mother to assert the claim; obligor/father had no knowledge that the obligee/mother would assert the claim at any time; and prejudice to the obligor/father. *Dean*, supra at 247; *Fowhand*, supra at 1310.

A trial court's conclusion regarding the peculiarly factual defense of laches is a matter within its discretion and will not be disturbed here absent abuse. *Ajayi v. Williams*, 248 Ga. App. 325, 330 (1) (d) (546 SE2d 537) (2001); *Carmody v. Hill*, 248 Ga. App. 437, 438 (546 SE2d 545) (2001).

Here, we cannot say that the trial court abused its discretion in rejecting Owens' conclusory arguments concerning the delay in asserting the claim (particularly since he opposed the obligee/mother's efforts in 1981 to terminate his parental rights so the child could be adopted by her stepfather) and claimed prejudice to him caused by the delay.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 7, 2002.

*Kenneth R. Carswell*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Katherine S. Davis, Assistant Attorney General, Betty N. O'Haire*, for appellee.