## A03A1737. BODENHAMER v. WOOTEN.
### (595 SE2d 592)

MILLER, Judge.

Willis Bodenhamer appeals from the denial of his motion to stay execution in Georgia of a 1977 Alabama divorce decree. On appeal Bodenhamer contends, essentially, that (1) the Superior Court of

Dade County, Georgia, did not have personal jurisdiction over him to render its decision, and (2) the trial court erred by failing to grant the stay where the underlying 1977 Alabama divorce decree was dormant and should not have been recognized in Georgia. We hold that Bodenhamer waived his jurisdictional arguments and that the trial court could not have committed harmful error in denying the motion to stay since the court properly considered the Alabama divorce decree in crafting an order that held Bodenhamer accountable for his child support obligations. We therefore affirm.

The main facts of this case are undisputed. Bodenhamer and his wife, Linda Wooten, divorced in Alabama on March 15, 1977. Bodenhamer and Wooten had two children, Tracy (born September 19, 1970) and Troy (born October 27, 1975). In the final divorce decree, the Jackson County Circuit Court ordered Bodenhamer to pay $25 per week for the support and maintenance of his minor children. Following the entry of the order, Bodenhamer moved out of Alabama and did not return.

Ten years later, Wooten was living in Tennessee with son, Troy, and Bodenhamer lived in North Carolina with daughter, Tracy. In an attempt to collect $13,000 in child support arrears, Wooten filed a Uniform Reciprocal Enforcement of Support action against Bodenhamer in the State Court of Hamilton County, Tennessee. Since Bodenhamer was living in North Carolina at the time, the Tennessee court transferred the action to the Cumberland County General Court of Justice in North Carolina.

Following a hearing, the North Carolina court on November 18, 1987, entered an order requiring Bodenhamer to pay $13,000 in child support arrears. The court further ordered Bodenhamer to pay $45 per month in child support for Troy (the child still living with Wooten) until the child reached majority, and to pay an additional $35 per month toward the arrearage. By the time that the order was entered, however, Bodenhamer had already moved out of North Carolina, and eventually moved to Florida.

In early 2001, Bodenhamer's father died, and Bodenhamer was appointed executor of his father's estate. In his will, Bodenhamer's father left Bodenhamer several acres of land located in Dade County, Georgia. On February 12, 2001, Wooten filed (with an affidavit) the 1977 Alabama divorce decree in Dade County Superior Court (pursuant to OCGA §§ 9-12-132 and 9-12-133) to execute the Alabama judgment in Georgia. Wooten also filed a lis pendens notice demanding that the property inherited by Bodenhamer be awarded to Wooten in connection with Bodenhamer's child support arrearage.

Bodenhamer moved to stay execution of the Alabama order, and the court conducted a hearing on the motion. Bodenhamer never objected to the Dade County Superior Court having personal jurisdic-

tion over him. The court found that Bodenhamer had not paid any child support since the entry of the Alabama order and further found that Bodenhamer had been moving from state to state in order to avoid paying child support. The trial court also ordered Bodenhamer to pay judgment and interest of nearly $50,000 in satisfaction of his delinquent child support obligations. Following the denial of Bodenhamer's motion for new trial, this Court granted Bodenhamer's application for a discretionary appeal.

1. Bodenhamer contends for the first time on appeal that the Dade County Superior Court lacked personal jurisdiction over him. Since issues raised for the first time on appeal, even those regarding a lack of personal jurisdiction, present nothing for this Court to review, Bodenhamer has waived this argument on appeal. *Mary A. Stearns, P.C. v. Williams-Murphy*, 263 Ga. App. 239, 243 (1) (b) (587 SE2d 247) (2003). Cf. OCGA § 19-11-110 (2).

2. Despite Bodenhamer's several arguments, and in light of Bodenhamer waiving his jurisdictional argument as explained in Division 1, the only remaining and dispositive issues on appeal are whether the trial court correctly denied Bodenhamer's motion to stay and whether the court properly considered the Alabama judgment in its ruling against Bodenhamer. We hold that the court could not have committed any harmful error in denying Bodenhamer's motion to stay, because the court properly considered the Alabama judgment as evidence against Bodenhamer in its child support ruling against him.

Since the order filed in the Dade County Superior Court was an order for child support, it cannot be viewed as a traditional action on a foreign judgment. See *Dept. of Human Resources v. Deason*, 238 Ga. App. 853, 860 (1) (b) (520 SE2d 712) (1999) (physical precedent only). Because the action "seeks enforcement of a duty of support . . . the foreign judgment does not constitute the gist of the action, but is merely evidence from which the extent of the child support obligor's default in meeting his duty can be quantified." (Citation omitted.) Id. Such an order is therefore more appropriately governed by the Uniform Interstate Family Support Act, OCGA § 19-11-100 et seq. (UIFSA). See, e.g., *Owens v. Dept. of Human Resources*, 255 Ga. App. 678-679 (566 SE2d 403) (2002).

Under the UIFSA, the law of the state that issued the order (Alabama in this case) "governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order." OCGA § 19-11-163 (a). "In a proceeding for arrearages, the statute of limitation under the laws of Georgia or of the issuing state, whichever is longer, applies." OCGA § 19-11-163 (b); see also *Owens*, supra, 255 Ga. App. at 679 (1). Judgments in Georgia become dormant after seven years with the possi-

bility of revival up to three years thereafter (see OCGA §§ 9-12-60 (a) (1); 9-12-61),[1] and judgments become dormant in Alabama after twenty years (see Code of Ala. § 6-2-32). Therefore, Alabama law would apply to the nature, extent, amount, and duration of Bodenhamer's payments under the Alabama order, and Alabama law would also apply to the dormancy issues in this case. See *Owens*, supra, 255 Ga. App. at 679-680 (1).

While Wooten was unable to collect on her child support payments under the Alabama order within 20 years, this failure did not make the judgment become dormant. Code of Ala. § 6-2-10 provides that "[w]hen any person is absent from the state during the period within which an action might have been commenced against him, the time of such absence must not be computed as a portion of the time necessary to create a bar under this chapter." It is undisputed that Bodenhamer never returned to Alabama after entry of the divorce decree requiring him to make child support payments. Indeed, the trial court even concluded that Bodenhamer had been running from state to state specifically to avoid making his child support payments. Bodenhamer cannot avail himself of a dormancy defense when the statute of limitation was tolled by his own continued absence from Alabama.

Bodenhamer's argument that the more recent 1987 North Carolina child support order should control in this case as opposed to the Alabama order is also misplaced. According to 28 USC § 1738B (f) (4) regarding full faith and credit for child support orders, "[i]f 2 or more courts have issued child support orders for the same obligor and child, and none of the courts would have *continuing, exclusive jurisdiction* under this section, a court having jurisdiction over the parties shall issue a child support order, which must be recognized." (Emphasis supplied.) See also OCGA § 19-11-116 (b) (3). "A court of a State that has made a child support order consistently with this section has continuing, exclusive jurisdiction over the order *if the State is the child's State or the residence of any individual contestant. . . .*" (Emphasis supplied.) 28 USC § 1738B (d).

Here, the record reveals no evidence that either Wooten, Bodenhamer, or their children lived in Alabama or North Carolina at the time that Wooten commenced the Georgia action. Thus, neither Alabama nor North Carolina maintained continuing, exclusive jurisdiction such that the trial court was required to recognize the North Carolina order. Compare 28 USC § 1738B (f) (2) and (3), and 28 USC

---

[1] We acknowledge that OCGA § 9-12-60 was amended in 1997 to remove dormancy as a defense to actions for child support arrears (see OCGA § 9-12-60 (d)), but such amendment has prospective application only and therefore does not apply to the arrearages at issue here. *Brown v. Brown*, 269 Ga. 724, 726-727 (2) (506 SE2d 108) (1998).

§ 1738B (f) (4). Instead, the trial court (1) correctly issued its own order and findings regarding the child support arrears, (2) properly considered Alabama law and the 1977 Alabama order as evidence of the extent of Bodenhamer's child support obligations, and (3) properly applied Alabama law to determine whether the 1977 Alabama judgment was dormant. See 28 USC § 1738B (f) (4); OCGA § 19-11-163 (a), (b); *Deason,* supra, 238 Ga. App. at 860 (1) (b). Therefore, the trial court did not commit any harmful error in denying Bodenhamer's motion to stay.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 20, 2004 

*Hatcher, Johnson, Meaney & Gothard, James A. Meaney III,* for appellant.

*Frank B. Perry,* for appellee.