## A09A1040. MARKOWITZ v. GEORGIA DEPARTMENT OF HUMAN RESOURCES.
### (685 SE2d 360)

SMITH, Presiding Judge.

In this discretionary appeal, Don Markowitz appeals from the trial court's order finding him in contempt of court for failing to pay child support and ordering the release of $42,300 to Markowitz's former wife. Markowitz contends the trial court erred by finding him in contempt because the claim for child support was "barred by the dormancy statutes." We agree and reverse.

The record shows without dispute that Markowitz and his former wife were divorced on November 21, 1975, in Fulton County Superior Court. A settlement agreement between the parties required Markowitz to pay child support until 1989, when the youngest child would reach the age of 18. In 2005, 16 years after Markowitz was last obligated to pay child support, his former wife attempted to collect past due child support for the first time.

In 2008, the Georgia Department of Human Resources placed a lien upon a retirement account owned by Markowitz. Markowitz disputed the lien, and the Georgia Department of Human Resources filed a petition in Fulton County Superior Court requesting a hearing on the matter pursuant to OCGA § 19-11-37 (f). It also requested that the superior court "uphold the lien of the Plaintiff and dismiss any objection of the Defendant and order said amounts to be paid to Plaintiff." Markowitz filed an answer in which he asserted that the claim for child support was barred because it had been dormant for more than ten years.

After a hearing held on July 15, 2008, in which Markowitz raised the issue of dormancy, the superior court requested briefs from the parties on the issue both orally and in writing. The supplemental record shows that Markowitz filed a motion to dismiss and supporting brief on October 16, 2008, in which he asserted that the dormancy statute applied. The trial court subsequently issued an order stating that it had "considered and read the briefs submitted by both attorneys and the court finds for the State (DHR/OCSS) and the plaintiff on the issues of dormancy and laches." It also ordered the immediate release of $42,500 to Markowitz's former wife from his retirement account based on its conclusion that Markowitz was

"in contempt of court for failure to pay child support." This court subsequently granted Markowitz's application for a discretionary appeal.

Markowitz asserts the trial court erred by rejecting his dormancy defense and finding him in contempt of court, basing his assertion upon the law at the time the child support order was entered.[*] We agree.

"Under OCGA § 9-12-60 (a) a judgment can become dormant after seven years but, pursuant to OCGA § 9-12-61, may be renewed or revived within the ensuing three-year period." *Brown v. Brown*, 269 Ga. 724, 726 (2) (506 SE2d 108) (1998). "[C]hild support judgments and alimony judgments are subject to statutes regarding dormancy even though the enforcement of these judgments is by means of a contempt action rather than by means of execution of the judgments." *Wannamaker v. Carr*, 257 Ga. 634, 635 (2) (362 SE2d 53) (1987). The record in this case shows, without dispute, that the child support judgment became dormant in 1996 and was not renewed within the ensuing three-year period. The trial court, therefore, erred when it rejected Markowitz's dormancy defense and found him in contempt of court.

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED OCTOBER 7, 2009.

*Mack & Harris, Robert L. Mack, Jr.,* for appellant.
*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Mark J. Cicero, Assistant Attorney General, Regina A. Mincey,* for appellee.

---

[*] In 1997, the General Assembly removed child support judgments from the definition of dormant judgments. OCGA § 9-12-60 (d). See *Brown*, supra, 269 Ga. at 726 (2). This change, however, only applies to judgments entered after July 1, 1997. Id. at 727 (2).