A09A2289. SUSSMAN v. SUSSMAN.
(687 SE2d 644)

BERNES, Judge.

The trial court entered an order vacating an earlier judgment of that court and dismissing appellant Nathalie Sussman's petition to register and enforce a foreign support order under the Uniform Interstate Family Support Act, OCGA § 19-11-100 et seq. (UIFSA). In vacating the judgment and dismissing Ms. Sussman's petition, the trial court concluded that the foreign support order could not be enforced because it was dormant under Georgia law. For the reasons discussed below, we conclude that Massachusetts law applied to this matter and that the foreign support order was not dormant under

the law of that state. Accordingly, we reverse.

The record shows that Ms. Sussman and her former husband, appellee Kenneth Sussman, were divorced in the Probate and Family Court Department of the Commonwealth of Massachusetts Trial Court. In May 1995, the Massachusetts trial court entered a "Judgment and Order" in which, among other things, it found Mr. Sussman in contempt of its original judgment of divorce; determined his accumulated arrearages in alimony payments and statutory interest; and awarded statutory attorney fees and costs (the "Massachusetts Judgment"). Judgment was entered in the total principal amount of $421,465.84. According to the uncontroverted affidavit of Ms. Sussman, her former husband has never made any payments to reduce the Massachusetts Judgment.

Mr. Sussman moved to Georgia, and, in January 2009, Ms. Sussman filed a petition in the Superior Court of Gwinnett County to register and enforce the Massachusetts Judgment as a support order under UIFSA. Mr. Sussman did not file a responsive pleading, and the trial court entered a final order and judgment confirming the Massachusetts Judgment.[1]

Two days after the entry of final judgment, Mr. Sussman filed a responsive pleading alleging that the Massachusetts Judgment was dormant under Georgia law. The trial court scheduled a hearing in which the court entertained oral argument from the parties. Although the hearing was not transcribed, the parties agree that Mr. Sussman argued before the trial court that the age of the Massachusetts Judgment made it unenforceable according to Georgia's dormancy statutes. Mr. Sussman further argued that the Massachusetts Judgment could not be construed as a support order under UIFSA, and that, as a consequence, the longer statute of limitation available to judgments under Massachusetts law did not apply in this case.

After the hearing, the trial court entered an order vacating the previously entered final judgment and dismissing Ms. Sussman's petition to register and enforce the Massachusetts Judgment.[2] Al-

---

[1] We note that UIFSA provides that "[i]f the nonregistering party fails to contest the validity or enforcement of the registered order in a timely manner, the order is confirmed by operation of law." OCGA § 19-11-165 (b).

[2] A trial court has the inherent power to exercise its discretion and amend, vacate, or set aside a judgment "for any meritorious reason," so long as the motion requesting such action by the trial court is filed during the term of court in which the judgment was rendered. (Citation and punctuation omitted.) *Stone v. Dawkins*, 192 Ga. App. 126 (384 SE2d 225) (1989). See *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001); *Piggly Wiggly Southern v. McCook*, 216 Ga. App. 335, 337 (1) (454 SE2d 203) (1995). The trial court apparently construed Mr. Sussman's responsive pleading, which was filed within the same term of court as the previously entered final judgment, as a motion to vacate or set aside that judgment. See OCGA § 15-6-3 (20) (defining the terms of court for Gwinnett County as the first Monday in March, June, and December, and the second Monday in September).

though the order was a summary one, in light of the specific arguments raised by Mr. Sussman at the hearing concerning the dormancy issue, it appears that the trial court vacated the judgment and dismissed Ms. Sussman's petition on the ground that the Massachusetts Judgment was dormant under Georgia law.[3] Following entry of that order, Ms. Sussman filed an application for discretionary review, which we granted. This appeal followed.

1. The trial court should not have vacated the final judgment and dismissed Ms. Sussman's petition on the ground that enforcement of the Massachusetts Judgment was barred by Georgia's dormancy statutes. First, the Massachusetts Judgment constituted a support order under UIFSA. Second, under the choice of law provisions of UIFSA, Massachusetts law controlled, and the Massachusetts Judgment remained enforceable under that state's statute of limitation.

(a) *The Massachusetts Judgment Constituted a Support Order.* UIFSA provides a statutory framework under which a support order issued by a tribunal of another state can be registered and enforced in Georgia. See OCGA § 19-11-160 ("A support order or an income-withholding order issued by a tribunal of another state may be registered in Georgia for enforcement."). A "support order" is defined as

a judgment, decree, or order, whether temporary, final, or subject to modification, for the benefit of a child, a spouse, or a former spouse, which provides for monetary support, health care, arrearages, or reimbursement and may include related costs and fees, interest, income withholding, attorney's fees, and other relief.

OCGA § 19-11-101 (21).

Mr. Sussman argued before the trial court that UIFSA did not apply in this case because the Massachusetts Judgment was a contempt order rather than a support order as defined in OCGA § 19-11-101 (21). His argument lacked merit. While the Massachusetts Judgment included a finding that Mr. Sussman was in contempt of the original judgment of divorce, it also established Mr. Sussman's accumulated "[a]rreages for alimony and statutory interest." As

---

[3] In his brief, Mr. Sussman contends that the trial court had authority to vacate the final judgment on the alternative ground that he never received the notice of the petition to register and enforce the Massachusetts Judgment that had been mailed to him by the deputy clerk of the Superior Court of Gwinnett County. See OCGA § 19-11-164. Mr. Sussman, however, did not file an affidavit or otherwise submit any evidence to support his contention that he never received the notice documents that the deputy clerk had mailed to him. Nor does he contend that notice by mail would have been an improper method of providing notice to him under UIFSA, OCGA § 19-11-164.

such, the Massachusetts Judgment was an order and judgment for the benefit of a former spouse providing for arrearages and interest and, therefore, fell within the definition of a support order set forth in OCGA § 19-11-101 (21). Hence, the trial court committed error by failing to conclude that the instant case was governed by UIFSA.

(b) *The Massachusetts Statute of Limitation Controlled.* Under the choice of law provisions of UIFSA, the law of the jurisdiction that issued the support order "governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order." OCGA § 19-11-163 (a). Furthermore, "[i]n a proceeding for arrearages, the statute of limitation under the laws of Georgia or of the issuing state, *whichever is longer*, applies." (Emphasis supplied.) OCGA § 19-11-163 (b).

Georgia law provides that judgments become dormant after seven years, see OCGA § 9-12-60, with the possibility of revival within three years of becoming dormant. See OCGA § 9-12-61. See *Owens v. Dept. of Human Resources*, 255 Ga. App. 678, 679 (1) (566 SE2d 403) (2002).[4] In contrast, the Massachusetts statute of limitation for the enforcement of judgments is 20 years. See Mass. Gen. Laws, ch. 260, § 20;[5] *Child Support Enforcement Division of Alaska v. Brenckle*, 675 NE2d 390, 396, n. 20 (Mass. 1997). And, in fact, a Massachusetts judgment does not become conclusively unenforceable even at that point, but rather is subject to a rebuttable presumption that the judgment has been satisfied. See Mass. Gen. Laws, ch. 260, § 20; *Brown v. Greenlow*, 111 NE2d 744, 745 (Mass. 1953); *Lombardi v. Lombardi*, 862 NE2d 436, 442 (3) (Mass. App. Ct. 2007).

Because the limitation period for the enforcement of judgments is longer in Massachusetts, the trial court should have applied Massachusetts law to the dormancy issue in this case. See OCGA § 19-11-163 (b); *Bodenhamer v. Wooten*, 265 Ga. App. 733, 735-736 (2) (595 SE2d 592) (2004); *Owens*, 255 Ga. App. at 679-680 (1). When Massachusetts law is applied, it is clear that the Massachusetts Judgment was enforceable because less than 20 years have elapsed since its issuance. Accordingly, the trial court erred by vacating the final judgment and dismissing Ms. Sussman's petition to register and enforce the Massachusetts Judgment pursuant to UIFSA. See OCGA § 19-11-163 (b).

---

[4] The 1997 amendment to OCGA § 9-12-60 making the defense of dormancy no longer applicable to judgments or orders for child support or alimony applies prospectively to support orders entered after July 1, 1997. See OCGA § 9-12-60 (d); Ga. L. 1997, p. 1613, § 2; *Brown v. Brown*, 269 Ga. 724, 726-727 (2) (506 SE2d 108) (1998). The amendment thus is not applicable here.

[5] Mass. Gen. Laws, ch. 260, § 20 provides: "A judgment or decree of a court of record of the United States or of any state thereof shall be presumed to be paid and satisfied at the expiration of twenty years after it was rendered."

2. We need not address Ms. Sussman's remaining enumerations of error in light of our decision in Division 1.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 2, 2009.

*Freeman, Mathis & Gary, Arthur A. Ebbs*, for appellant.
*Kristopher Shepherd*, for appellee.