302 Ga. 714
FINAL COPY

S17A1682. HOLMES-BRACY v. BRACY.

MELTON, Presiding Justice.

Following the denial of her motion to hold John Paul Bracy (Husband) in contempt, Linda Holmes-Bracy (Wife) filed an application for discretionary appeal with this Court. We granted Wife's application and posed the following question to the parties: "Did the trial court err in concluding that husband could not be held in contempt for failing to make any of the monthly payments of 50% of his military retirement that he was required to make under the terms of the parties' final divorce decree because the judgment had become dormant?"[1] For the reasons set forth below, we reverse in part and remand with direction.

---

[1] As a matter of current law, the Court of Appeals, rather than this Court, has subject matter jurisdiction over "[a]ll divorce and alimony cases" in which a notice of appeal or application to appeal is filed on or after January 1, 2017. Appellate Jurisdiction Reform Act of 2016, Ga. L. 2016, p. 883, §§ 3-1 (codified at OCGA § 15-3-3.1 (a) (5)), 6-1 (c); Merrill v. Lee, 301 Ga. 34, 36 (1) n.1 (799 SE2d 169) (2017). Because Wife filed her application to appeal before January 1, 2017, we have jurisdiction over this case.

The pertinent facts of this case are not disputed. Wife and Husband were divorced in 1995. The final decree of divorce incorporated a settlement agreement providing, in relevant part: "At such time as the husband shall no longer be obligated to pay child support, then the husband shall pay unto the wife fifty (50%) percent of his Armed Services retirement pay per month. This money shall be the property of the wife and the husband shall be obligated to pay this sum until her death." Husband's child support obligation terminated in June of 2006, and his first payment of retirement benefits was due to Wife the following month. Husband, however, has never paid Wife any amount of his retirement benefits. (Because Husband was in active service for less than ten years, the military informed Wife that it could not pay the benefits directly to her.) Although Wife employed attorneys to demand payment from Husband, Wife took no court action until February 25, 2016, when she filed a motion for contempt. The trial court denied Wife's motion, finding that, although the divorce decree clearly entitled Wife to the payments, the trial court could not enforce those payments because the decree, in its entirety, had become dormant pursuant to OCGA § 9-12-60 (a) (1) (judgment becomes dormant seven years after its rendition). Specifically, the trial court held that the first payment of

2

retirement benefits became due on July 1, 2006, and the judgment went dormant on July 1, 2013. Although filing a scire facias within three years of dormancy would have revived the judgment if it were dormant, see OCGA § 9-12-61, Wife made no such filing. Therefore, the trial court held: "[This c]ourt finds that although [Husband] has clearly and knowingly failed to uphold his obligations under the decree, this [c]ourt may not hold him in [c]ontempt."

This ruling is incorrect. As an initial matter, the trial court did properly find that the dormancy period of the judgment does begin to run from the time when the judgment could first be enforced. See Corvin v. Debter, 281 Ga. 500, 500-501 (639 SE2d 477) (2007). In this case, Wife's first viable opportunity to enforce the judgment occurred in July of 2006, when the initial payment became due. In order to properly analyze the application of the dormancy statute to the award of military pay extended to Wife, it must first be recognized that Wife is entitled to installment payments, not a lump sum amount. In a number of previous cases (especially with regard to installment payments of alimony), we have held that the dormancy period does not begin to run until each installment is due. In other words, each installment payment is treated as a new and separate judgment. See Bryant v. Bryant, 232 Ga. 160, 163 (205 SE2d 223) (1974)

3

("[W]ith respect to instal[l]ment-payment alimony judgments, instal[l]ments that became due within seven years preceding the issuance and recording of the execution are collectible and enforceable, and instal[l]ments that are dormant, having become due seven to ten years prior to the filing of a revival action, are subject to being revived through the applicable statutory revival procedure."). See also Heakes v. Heakes, 157 Ga. 863, 868 (122 SE 777) (1924).[2] This method of applying the dormancy statute to installment payments, however, has not been limited solely to alimony payments and child support, as Husband contends. To the contrary, in Taylor v. Peachbelt Properties, 293 Ga. App. 335 (2) (667 SE2d 117) (2008), the Court of Appeals applied the dormancy rules set forth in Bryant, supra, to disability installment payments from a workers' compensation award. Without support, Husband bases his case on an overly narrow reading of Bryant, supra, which he contends applies solely to installment payments of alimony or child support. Nothing in the text of Bryant or its subsequent consideration supports or requires such a limited application.

_____

[2] OCGA § 9-12-60 was amended in 1997 to explicitly exempt child support and spousal support from the dormancy provisions of subsection (a). The amendment applies prospectively to judgments entered after July 1, 1997. See Brown v. Brown, 269 Ga. 724, 726 (2) (506 SE2d 108) (1998).

4

Accordingly, we find that the rule set forth in <u>Bryant</u> is applicable to the installment payments of Husband's military retirement here. As such, installments that became due within seven years preceding the issuance and recording of the execution are collectible and enforceable. Installments that are dormant remain subject to revival pursuant to OCGA § 9-12-61. We must, therefore, reverse the trial court's ruling that any and all installment payments due to Wife cannot be enforced,[3] and we remand this case in order to allow the trial court to properly apply the dormancy statute pursuant to the manner set forth in <u>Bryant</u>, supra.

<u>Judgment reversed in part and case remanded with direction. All the Justices concur</u>.

Decided December 11, 2017.

Domestic relations. Houston Superior Court. Before Judge Lumsden.

<u>Rodney E. Davis</u>, for appellant.

<u>Carmel W. Sanders</u>, for appellee.

---

[3] We affirm the trial court's ruling that "[Husband] has clearly and knowingly failed to uphold his obligations under the decree."