**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 13, 2020**

# In the Court of Appeals of Georgia

A19A2277. JOHNSON v. COLLINS.

COOMER, Judge.

Daniel Johnson (the "husband"), appeals the trial court's order reviving child support payments under a divorce decree and requiring him to pay Roxanna Collins (the "wife"), back child support. Because the trial court erred by reviving all of the husband's child support payments instead of only the payments that became due within ten years of the wife's revival petition, and because the trial court erred in calculating the amount of interest owed, we vacate the trial court's order and remand the case to the trial court.

Both issues raised in this appeal involve questions of law, which we review de novo. *Advantage Behavioral Health Systems v. Cleveland*, 350 Ga. App. 511, 517 (2) (829 SE2d 763) (2019).

The record shows that the parties have two daughters, born July 18, 1988, and June 27, 1991. The trial court entered a final judgment and decree of divorce on May 9, 1997. Incorporating the terms of a settlement agreement, the divorce decree granted the wife primary physical custody of the children and ordered the husband to pay the wife child support. The husband's support obligations ended in December 2009.[1]

On August 18, 2017, the wife filed a pro se "petition for proof of income and payment of back child support." In the petition, she sought to recover back child support, alleging that the husband never made any support payments. The husband filed a motion to dismiss the petition, which the trial court granted on the basis that the divorce decree was dormant.

On February 27, 2018, the wife filed a pro se "petition to renew final judgment and decree from dormancy so that proof of income and payment of back child support can be collected." In the petition, she asserted that the child support award could be revived because while such an award can become dormant seven years after the last

_____

[1] The husband was ordered to pay his wife 28 percent of his gross annual income during the months the children were in her physical custody, and to pay her 23 percent of his gross annual income once the older child was no longer eligible for support and the younger child was in her custody. The husband's monthly support obligations for the older child ended in July 2006, and his obligations for the younger child ended on December 18, 2009, when she graduated from high school.

2

child support payment is due, it can be renewed within the three years following that seven-year period." The husband filed a motion to dismiss the petition, which the trial court granted on the basis that the divorce decree was dormant.

The wife then filed a motion for reconsideration of the order dismissing the petition to renew, arguing that because the husband's final child support payment was due on December 18, 2009, when her younger child graduated from high school, she had until ten years later, on December 18, 2019, to renew the judgment. The trial court then vacated its prior order dismissing the petition to renew, finding that the petition to renew was filed in February 2018, within the three-year period of revival. Subsequently, the trial court granted the wife's petition to revive the judgment, but scheduled a hearing so she could submit evidence needed to compute the amount her husband owed in child support under the divorce decree.

Following two hearings, the trial court issued a final order granting revival of the judgment and declaring the amount of child support arrearage, interest, and costs. In the final order, the trial court declared the husband's child support arrearage on the divorce decree totaled $588,664.52, which consisted of $211,629.87 in child support, $376,822.15 in post-judgment interest, and $212.50 in court costs. As to the actual child support, the trial court found that the husband never paid support as ordered,

3

and that support was to continue through July 2006 for the older child and through December 2009 for the younger child. The trial court calculated the husband's annual income and the amount of time the children were in the wife's custody for the years at issue. The trial court also found that the husband owed the wife monthly child support payments from April 1997 to July 2008, stating that no support was owed from August 2008 to December 2009 because the younger child lived with the husband during this time. As to post-judgment interest, the trial court stated that the original divorce decree was governed by former OCGA § 7-4-12.1, which provides that "[a]ll awards of child support expressed in monetary amounts shall accrue interest at the rate of 12 percent per annum commencing 30 days from the day such award or payment is due."

The husband then filed an application for discretionary review, which we granted. This appeal followed.

1. The husband argues that the trial court erred in holding that the entire child support award could be revived rather than only those payments due and owing on or after February 28, 2008. We agree.

OCGA § 9-12-60 (a) (1) provides that "[a] judgment shall become dormant and shall not be enforced [w]hen seven years shall elapse after the rendition of the

judgment before execution is issued thereon and is entered on the general execution docket of the county in which the judgment was rendered." However, OCGA § 9-12-61 provides: "When any judgment obtained in any court becomes dormant, the same may be renewed or revived by an action or by scire facias, at the option of the holder of the judgment, within three years from the time it becomes dormant." Thus, "[u]nder OCGA § 9-12-60 (a) a judgment can become dormant after seven years but, pursuant to OCGA § 9-12-61, may be renewed or revived within the ensuing three-year period." *Markowitz v. Ga. Dept. of Human Resources*, 300 Ga. App. 371, 372 (685 SE2d 360) (2009) (citation omitted). While OCGA § 9-12-60 (d) provides that the rule laid out in OCGA § 9-12-60 (a) regarding when a judgment becomes dormant shall not apply to child support awards, OCGA § 9-12-60 (d) only applies to judgments entered after July 1, 1997. See *Holmes-Bracy v. Bracy*, 302 Ga. 714, 716 n. 2 (808 SE2d 669) (2017); *Brown v. Brown*, 269 Ga. 724, 726 (2) (506 SE2d 108) (1998). Thus, because the divorce decree in this case was entered on May 9, 1997, the decree, including child support owed, was subject to becoming dormant.

With respect to installment-payment child support judgments, installments that became due within seven years preceding the issuance and recording of the execution are collectible and enforceable, and installments that are dormant, having become due seven to ten years

prior to the filing of a revival action, are subject to being revived through the applicable statutory revival procedure.

*Ga. Dept. of Human Resources v. Deason*, 238 Ga. App. 853, 859 (1) (b) (520 SE2d 712) (1999) (citations and punctuation omitted); see also *Holmes-Bracy*, 302 Ga. at 715 ("[T]he dormancy period does not begin to run until each installment is due. In other words, each installment payment is treated as a new and separate judgment."); *Cleveland v. Cleveland*, 197 Ga. 746, 747 (30 SE2d 605) (1944) ("[W]here a judgment is made payable in installments, the statute of limitations applies to each installment separately and does not begin to run on any installment until it is due."). The Georgia Supreme Court applied these same principles in *Brown*, 269 Ga. at 726 (2). In that case, on May 9, 1997, the wife filed a petition for revival of installment alimony payments, and the Court held that she had "an enforceable claim for unpaid alimony for no more than the 10-year period preceding May 9, 1997." Id. See also *Wannamaker v. Carr*, 257 Ga. 634, 635 (2) (362 SE2d 53) (1987) (2) ("[T]he court granted [the wife's] 1987 application for a writ of scire facias reviving the dormant 1972 judgment back ten years to 1977. Therefore, any child support arrearages which accrued between 1977 and 1979, the date of the adoption, are no longer dormant but have been revived.").

6

Because each child support payment is treated as a new and separate judgment, the wife's renewal petition could only serve to renew or revive child support installments that became due within the ten years preceding the filing of the petition on February 27, 2018. Accordingly, the trial court could have only awarded the wife back child support for those payments due from February 27, 2008, to July 2008, when the last payment was owed.[2]

2. The husband next argues that the trial court erred in calculating post-judgment interest at the rate of 12 percent per annum. We agree.

At the time of the divorce decree in May 1997, OCGA § 7-4-12.1 provided that "[a]ll awards of child support expressed in monetary amounts shall accrue interest at the rate of 12 percent per annum commencing 30 days from the day such award or payment is due. This Code section shall apply to all awards, court orders, decrees, and judgments rendered pursuant to Title 19 [Domestic Relations]." OCGA § 7-4-12.1 (1997). In 2007, however, OCGA § 7-4-12.1 was amended to provide that "[a]ll awards of child support expressed in monetary amounts shall accrue interest at the

---

[2] The wife's August 18, 2017 "petition for proof of income and payment of back child support" did not include revival of the dormant judgment among the relief sought, and therefore this petition did not constitute an "action" under OCGA § 9-12-61 so as to revive the judgment. See *Parker v. Eason*, 265 Ga. 236, 237 (454 SE2d 460) (1995).

7

rate of 7 percent per annum commencing 30 days from the day such award or payment is due." See OCGA § 7-4-12.1 (2007); Ga. L. 2006, p. 584, § 2. The current version of the statute also provides for a 7 percent interest rate. OCGA § 7-4-12.1 (a). Importantly, the Act setting forth the 2007 amended version of the statute provided that it "shall become effective on January 1, 2007, and shall apply to all pending civil actions on or after January 1, 2007." See Ga. L. 2006, p. 584, § 2, p. 630, § 10; see also *Gowins v. Gary*, 284 Ga. App. 370, 375 (2) (643 SE2d 836) (2007) (retroactive application of the 2007 change to OCGA § 7-4-12.1 is proper because it does not impair vested substantive rights), overruled on other grounds by *Gary v. Gowins*, 283 Ga. 433, 433 (658 SE2d 575) (2008).

Here, the amended version of OCGA § 7-4-12.1, which provides for a 7 percent interest retroactively applies "to all civil actions which . . . were filed when the former version of the statute was effective but are still pending on or after January 1, 2007." *Gowins*, 284 Ga. App. at 375 (2). The instant divorce case was filed when the former version of the statute was effective, but it remained pending on or after January 1, 2007, as the trial court revived the divorce decree in 2019. Therefore, the former version of OCGA § 7-4-12.1, providing for a 12 percent interest rate, no longer applies, and the trial court erred in applying that version of the statute. Moreover, the

8

wife concedes in her brief to this Court that a 7 percent interest rate applies. Accordingly, we vacate the trial court's order and remand to the trial court to enter an order consistent with this opinion.

*Judgment vacated and remanded. Doyle, P. J., and Markle, J., concur.*