**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 22, 2024**

# In the Court of Appeals of Georgia

A24A1457. BUCHER v. MARTIN.

HODGES, Judge.

Nine years after her divorce, Joyce Bucher sued David Martin ("David"), individually and as the executor of her ex-husband Graham Martin's ("Graham") estate, alleging that David failed to comply with certain provisions of Bucher and Graham's divorce decree. The trial court granted summary judgment to David on a number of Bucher's claims, and Bucher appeals. For the reasons that follow, we affirm in part and reverse in part the trial court's decision, and we remand this case for further proceedings.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law[.]"

OCGA § 9-11-56 (c). On appeal from the grant or denial of summary judgment, this Court conducts a de novo review, construing the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *DirecTV v. White*, 355 Ga. App. 404, 405 (844 SE2d 289) (2020).

So viewed, the record shows the following facts that appear to be undisputed. Bucher and Graham were divorced in 2013. As a part of the August 2013 final judgment and decree of divorce, the trial court "approved in its entirety" a July 29, 2013 settlement agreement between the parties (the "Agreement") and "incorporated [the Agreement] into [its] Final Judgment and Decree of Divorce as if fully set forth herein." The parties were ordered to "comply with each and every term and provision of said Agreement." The Agreement, in relevant part, required Graham to: (i) pay Bucher $83,811 on December 1, 2013;[1] (ii) pay Bucher 50 percent of the after-tax amount of his original $956,905 Morgan Stanley signing bonus, as received over the next seven years, with the first payment commencing on November 19, 2012;[2] (iii) maintain a life insurance policy in the amount of $475,000 on his own life and payable

---

[1] Bucher asserted that Graham made a partial payment of $29,988.77 to her on June 19, 2019, but the remaining amount remained unpaid.

[2] Bucher asserted that Graham never made any such payments to her.

to Bucher as sole beneficiary;[3] and (iv) execute a quitclaim deed to Bucher for "all right, title and interest he may have in the real property known as 1172 East Club Lane, Atlanta, Fulton County, Georgia 30319" within 30 days of her request.[4]

Graham passed away on October 14, 2020. On December 17, 2021, Bucher filed a petition to revive the final judgment and decree of divorce, and on March 29, 2022, the superior court entered an order reviving the dormant August 2013 judgment.

On August 17, 2022, Bucher sued David, individually and in his capacity as the executor of Graham's estate. Bucher amended her complaint a number of times, subsequently dismissing many of her claims. David moved for summary judgment, arguing that Bucher's complaint against the estate was an attempt to "circumvent the

---

[3] Bucher asserted that Graham had this policy in place at the time of his death, and she received a payment of $429,619.08 on December 17, 2020. However, she alleged that loans and policy premiums were taken from the policy prior to Graham's death, and the Agreement specifically stated that "[n]o withdrawals of cash value are permitted." Bucher maintained that Graham's estate owed her "the accrued interest deducted by the insurance company, and all loans and premiums deducted from the gross proceeds of the insurance policy. The amount owing to [her] from the Estate is $193,232.27."

[4] Bucher asserted that despite her requests, Graham and, later, his executor failed and refused to execute a deed for recording.

expired and barred breach of contract claim that should have been brought within the statute of limitations period (before 2019) and when her ex-husband was still alive." Bucher then filed her third amended complaint, including the following counts: (I) "Enforcement of Final Decree"; (II) "Contempt"; (III) "Declaratory Judgment – Agreement Obligations"; (IV) "Specific Performance – 1172 East Club Lane"; and (V) "Attorneys' Fees."

Following a hearing, the trial court granted David's motion for summary judgment as to all claims except Bucher's contempt count (Count II) of her third amended complaint. The trial court found that David's summary judgment motion was mooted with respect to dismissed counts of Bucher's second amended complaint. The court further concluded that Count III of Bucher's third amended complaint, entitled "Declaratory Judgment – Agreement Obligations," was improper and that Counts I and IV, attempting to enforce the divorce decree, were barred by the six-year statute of limitation for written contracts, see OCGA § 9-3-24, as well as the doctrine of laches. The court dismissed Count V for attorney fees, finding that the count was derivative of the other counts it had dismissed. Bucher appeals this ruling following our grant of her application for interlocutory appeal.

4

1. Bucher contends that the trial court applied the incorrect statute of limitation to her claims.[5] Specifically, she argues that the applicable statute of limitation is the ten-year period that governs actions to enforce a judgment, see OCGA §§ 9-12-60 (a), 9-12-61, not the six-year period that governs actions for breach of written contracts, see OCGA § 9-3-24. We agree.

The trial court in this case construed the Agreement as a written contract, concluded that Bucher was essentially seeking to enforce the terms of the contract, and applied the six-year limitation period applicable for breach of written contract claims. See OCGA § 9-3-24. As Bucher correctly points out, however, the Agreement was incorporated into the trial court's final judgment and decree of divorce. The trial court's final judgment noted that the parties' Agreement "is approved in its entirety and incorporated into this Final Judgment and Decree of Divorce as if fully set forth herein." Our Supreme Court repeatedly has held that once a settlement agreement is incorporated into a judgment of divorce, the parties' rights are founded upon the judgment itself rather than merely upon the underlying agreement. See *Walker v.*

---

[5] "For convenience of discussion, we have taken the enumerated errors out of the order in which appellant has listed them.") (Citation and punctuation omitted). *Anita Holdings v. Outlet Mall of Savannah*, 357 Ga. App. 403, 405 (1), n. 5 (850 SE2d 843) (2020).

*Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005) ("The rights of the parties after a divorce is granted [and a settlement agreement is incorporated into the final divorce decree] are based not on the settlement agreement, but on the judgment itself.") (citation and punctuation omitted); *Mehdikarimi v. Emaddazfuli*, 268 Ga. 428, 429 (2) (490 SE2d 368) (1997) (same). Accordingly, whatever claim Bucher has "is founded on the final decree, and not on the underlying agreement." *Walker*, 279 Ga. at 653 (1); accord *Jordan v. Jordan*, 313 Ga. App. 189, 191 (1) (721 SE2d 119) (2011).

Claims to enforce a judgment are subject to a ten-year statute of limitation period. See *Corzo Trucking Corp. v. West*, 296 Ga. App. 399, 400 (1) (674 SE2d 414) (2009) ("OCGA §§ 9-12-60 (a) and 9-12-61 operate in tandem as a ten-year statute of limitation for the enforcement of Georgia judgments."); accord *First Merit Credit Svcs. v. Fairway Aviation*, 359 Ga. App. 829, 833 (2) (860 SE2d 126) (2021). Indeed, OCGA § 9-12-60 (a) (1) mandates that a judgment shall become dormant seven years after the judgment is docketed, but OCGA § 9-12-61 permits a dormant judgment to be revived within three years from the time it becomes dormant.

Here, the trial court entered its final judgment incorporating the Agreement in August 2013. In December 2021, Bucher filed a petition to revive the final judgment

and decree of divorce, and the court entered an order reviving the judgment in March 2022. Bucher then filed her lawsuit in August 2022. Accordingly, the trial court's August 2013 final judgment, incorporating the Agreement, was properly revived, and Bucher's August 2022 lawsuit was timely filed within the ten-year statute of limitation period. See *Holmes-Bracy v. Bracy*, 302 Ga. 714, 715-716 (808 SE2d 669) (2017) (applying the ten-year statute of limitation for judgments to determine whether a wife's claim for unpaid benefits was barred in a case where the parties' divorce decree incorporated a settlement agreement providing that the husband would pay the wife one-half of his retirement benefits).

Based on the foregoing, Counts I and IV of Bucher's third amended complaint — seeking to enforce the Agreement incorporated into the divorce decree — are more accurately viewed as raising claims to enforce a judgment, which are subject to a ten-year limitation period. The trial court erred in applying the six-year limitation period for written contracts under the circumstances presented here.

2. Bucher asserts that the trial court erred by ruling that the doctrine of laches bars her action. We agree.

"The equitable doctrine of laches is not applicable to actions at law. Even if the doctrine of laches could be invoked in such actions, it could not be invoked during the period during which a statute of limitation would be applicable." (Citation and punctuation omitted.) *Kenerly v. Bryant*, 227 Ga. App. 746, 748 (2) (490 SE2d 454) (1997). Here, as stated previously, Bucher's lawsuit was timely filed within the ten-year statute of limitation period to enforce a judgment. Accordingly, the doctrine of laches does not apply in this case to bar Bucher's action, and the trial court erred in applying the doctrine.

3. In a one-paragraph argument devoid of any citations to the record, Bucher contends that "[t]he trial court erred in ruling on issues not raised in [David's] [m]otion for [s]ummary [j]udgment." Specifically, she claims as follows:

> [T]he trial court's rulings that Joyce's claim for declaratory judgment was invalidated by requesting damages, that Joyce's claims were barred by laches, and that the parties must brief the issue of contempt for the trial court were all plain legal error as they were not raised in Appellees['] Motion for Summary Judgment, and the trial court was not authorized to grant summary judgment on those issues.

This claim lacks merit for two reasons.

First, the trial court did not grant summary judgment on Bucher's new contempt claim. Instead, the trial court properly ruled that "[t]he only count of the Third Amended Complaint left to address is the new Count II, entitled Contempt. The Court is providing the parties with the opportunity to brief the viability of this count and directs the parties to provide supplemental briefs on this matter within fourteen (14) days of the entry of this Order." (Footnote omitted.) Accordingly, Bucher's assertion that the trial court ruled on this issue is not supported by the record.

Second, David raised both the doctrine of laches and the fact that Bucher's declaratory judgment claims were procedurally improper in his motion for summary judgment. Accordingly, Bucher's assertion that the trial court erred in ruling on these issues because they were not raised in David's motion for summary judgment likewise is not supported by the evidence. Bucher presents no argument that the trial court otherwise erred in granting summary judgment on the declaratory judgment claim in her third amended complaint (Count III), so we do not address the merits of the trial court's ruling on that count. In addition, we note that, as we concluded in Division 2 of this Opinion, although David raised the doctrine of laches in his motion for

summary judgment, the doctrine does not apply to bar Bucher's claims under the circumstances of this case.

4. Finally, Bucher contends that the trial court applied an improper burden of proof, failing to require David to prove his affirmative defenses regarding the statute of limitation and laches. Pretermitting whether the trial court applied an inappropriate burden of proof, because we have reversed the grant of summary judgment to David on these affirmative defenses in Divisions 1 and 2 of this Opinion, we need not address this argument at the present time.

In short, we affirm the trial court's grant of summary judgment on Count III of Bucher's third amended complaint. However, because the trial court applied an incorrect statute of limitation, we reverse its grant of summary judgment on Counts I and IV of Bucher's third amended complaint based on the six-year statute of limitation for contracts and the doctrine of laches. We likewise reverse the grant of summary judgment to David on Bucher's derivative claim for attorney fees (Count V). Bucher's claim for contempt (Count II) remains pending in the trial court.

*Judgment affirmed in part and reversed in part; case remanded for further proceedings. Doyle, P. J., and Watkins, J., concur.*